**Emmett J. STEBBINS, Appellant,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.**

No. 11240.

United States Court of Appeals Fourth Circuit.

Argued June 21, 1967.

Decided Aug. 29, 1967.

Emmett J. Stebbins (George D. Gates, Washington, D. C., on brief), pro se.

Joseph M. Roulhac, Baltimore, Md. (Wm. B. Somerville, and Smith, Somerville & Case, Baltimore, Md., on brief), for appellee.

Before SOBELOFF, BRYAN and WINTER, Circuit Judges.

PER CURIAM:

Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5, the plaintiff, Emmett J. Stebbins, brought an action against the Nationwide Mutual Insurance Company alleging that as a Negro, he was denied employment by the Company because of his race.[1] The District Court granted the defendant's motion for summary judgment and plaintiff appeals.

The facts are not in dispute and may be briefly summarized. The plaintiff applied to Nationwide for the position of claims adjuster. When his application was rejected, he filed a "Charge of Discrimination" with the federal Equal Employment Opportunity Commission (EEOC) on February 15, 1966.[2] On March 2, 1966, the EEOC sent a letter

---

1. § 2000e–5

"(e) If within thirty days after a charge is filed with the Commission * * *, the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil ac-tion may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved * * *."

2. § 2000e–5

"(a) Whenever it is charged in writing under oath by a person claiming to be ag-

to the plaintiff explaining that it was unable to accept jurisdiction of the matter until the Maryland Commission on Interracial Problems and Relations had been given an opportunity to act on the complaint.[3] Mr. Stebbins was further advised that if at the end of 120 days the matter had not been resolved satisfactorily, or if the Maryland Commission terminated proceedings prior to the expiration of the 120-day period, he should again contact the EEOC.

The complaint was referred by the EEOC to the Maryland Commission, which investigated the charges, and on May 23, 1966, dismissed the complaint at staff level, on the ground that there was no "probable cause to believe that an act, or acts, of discrimination have occurred in this case." On July 22nd the state commission advised the EEOC of the dismissal of the charges and on August 8th, the EEOC sent a letter to the plaintiff requesting him to communicate with it by telephone.

The plaintiff made no further attempt to contact the EEOC, but on July 21st, filed the present suit in the District Court. Failing to hear from Stebbins within the period provided under Title VII, the EEOC closed out his case.[4]

Having reviewed the legislative history of the Act, as well as its language, we agree with the District Judge that the plaintiff could not bypass the federal agency and apply directly to the courts for relief. Congress established comprehensive and detailed procedures to afford the EEOC the *opportunity* to attempt by administrative action to conciliate and mediate unlawful employment practices with a view to obtaining voluntary compliance. The plaintiff must therefore seek his administrative remedies before instituting court action against the alleged discriminator.

The order of the District Court is Affirmed.

---

grieved * * * that an employer * * has engaged in an unlawful employment practice, the Commission shall * * * make an investigation of such charge * * *. If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. * * * "

3. § 2000e–5
"(b) In the case of an alleged unlawful employment practice occurring in a State * * * which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice * * *, *no charge may be filed under subsection (a) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local*

*law, unless such proceedings have been earlier terminated,* provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law. * * * " (Emphasis supplied.)

4. § 2000e–5
"(d) A charge under subsection (a) of this section shall be filed within ninety days after the alleged unlawful employment practice occurred, *except that in the case of an unlawful employment practice with respect to which the person aggrieved has followed the procedure set out in subsection (b) of this section,* such charge shall be filed by the person aggrieved within two hundred and ten days after the alleged unlawful employment practice occurred, *or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law,* whichever is earlier * * *." (Emphasis supplied.)