Mary P. LAFFEY et al., Plaintiffs,

v.

NORTHWEST AIRLINES, INC.,
Defendant.

Civ. A. No. 2111–70.

United States District Court,
District of Columbia.

Feb. 11, 1971.

Michael H. Gottesman, George H. Cohen, Washington, D. C., for plaintiffs.

Henry Halladay, Minneapolis, Minn., Berl I. Bernhard, John L. Richardson, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON Jr., District Judge.

This is an action for injunctive and monetary relief brought under the Equal Pay Act of 1963, 29 U.S.C. §§ 206(d) (1). 216(b), 217 (1964) and the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2, 2000e–5(g) (1964). Before the Court at this time are two issues: venue and the appropriateness of the class action.

Plaintiffs' principal allegation is that the defendant company (Northwest) has denied a class of females wages equal to those paid to members of the opposite sex for equal work, that is, female in-flight cabin attendants are allegedly paid less than male in-flight cabin attendants. The principal cause of action in this suit is one for past due and future wages that may be due under the Equal Pay Act.

The secondary allegation is that Northwest has and is continuing to engage in unlawful employment practices under the Civil Rights Act of 1964, in that it discriminates against its female in-flight cabin attendants. This discrimination allegedly includes unequal compensation, a discriminatory employment classification scheme, and discriminatory employment conditions including male priority in the "chain-of-command" and unequal treatment in regard to weight and height requirements, eyeglasses, uniform cleaning, company suitcases and hotel accommodations.

■■ It is the opinion of this Court that although claims are made under both statutes, what is essentially at issue here is equal pay. for equal work.

Because the principal cause of action, as this Court views it, is under the Equal Pay Act, the general venue provisions for federal district courts, 28 U.S.C. § 1391(c) (Supp.1966), should apply; and venue in the District of Columbia is appropriate for this Equal Pay Act cause of action. Further, the defendant has not shown to the satisfaction of this Court that a change of venue to the District of Minnesota would be convenient for all parties and witnesses and in the interests of justice as required by 28 U. S.C. § 1404(a) (1964).

Since venue is proper for the principal cause of action this Court need not decide whether it is proper for the secondary cause of action under the Civil Rights Act. The proofs as to both causes of action will be similar, if not the same, involving the same witnesses and records and the interests of efficient and consistent adjudication of both causes necessitate that they be tried together. Therefore, venue for both causes of action shall remain in the District of Columbia.

■ This Court is satisfied that a class action is appropriate at this time to seek the relief sought: an end to the allegedly discriminatory practices and the money that allegedly should have been paid to those allegedly doing the same work as others receiving more money. Pursuant to F.R.Civ.P. 23 (c) (4) (B), this action shall be maintained as a class action with two subclasses to be treated as classes. The first class is the Equal Pay Act class defined as all female in-flight cabin attendants currently employed by the defendant and/or employed by the defendant any time in the past whose claims are not barred by the Statute of Limitations of that Act, 29 U.S.C. § 255 (Supp.1966).[1] This class is seeking both back wages, which must be paid if a violation of the Act is proved, as well as injunctive relief for the future payment of equal wages, and is, therefore,

---

1. That Statute of Limitations is two or three years, depending on the ultimate finding of this Court as to the willfulness of any violation that may be proved.

maintainable under both F.R.Civ.P. 23(b) (2) and 23(b) (3).

■ The second class is the Civil Rights Act class defined as all female in-flight cabin attendants currently employed by the defendant and/or employed by the defendant any time since July 2, 1965. This class is seeking injunctive relief to end discriminatory employment practices as well as back pay (to the extent that they have not recovered under the Equal Pay Act cause) which back pay this Court is authorized to award along with its injunction should it find that this class did lose higher paying positions or seniority status as a result of sex discrimination. This class is therefore maintainable under both F.R.Civ.P. 23(b) (2) and 23(b) (3).

Consistent with the foregoing, this Court enters the following:

### ORDER

Upon consideration of the defendant's motion for reconsideration of venue, its supplemental affidavit and memorandum in support thereof and plaintiffs' memorandum in opposition thereto, as well as the memoranda submitted in support of and in opposition to the certification of this as a class action, and the argument of counsel on both issues, it is by the Court, this 11th day of February, 1971,

Ordered, that the defendant's renewed motion for a change of venue be and the same hereby is denied; and it is

Further ordered, that this action be and hereby is certified a class action with two subclasses maintained pursuant to F.R.Civ.P. 23(b) (2), (b) (3) and (c) (4) (B); and it is

Further ordered, that counsel for plaintiffs shall submit to the Court, within twenty (20) days from the date of this order, a proposal for the best notice practicable as required by F.R.Civ. P. 23(c) (2).