Bernice TURBEVILLE, Plaintiff,

v.

William S. CASEY and Central Intelligence Agency, Defendants.

Civ. A. No. 81–1695.

United States District Court,
District of Columbia.

Oct. 30, 1981.

John D. Grad, Hirschkop & Grad, Stephen R. Pickard, Evans, Economou & Pickard, Alexandria, Va., for plaintiff.

Judith Barthoff, Sp. Asst. U. S. Atty., Washington, D. C., for defendants.

MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

This action for employment discrimination, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Equal Pay Act of 1963, 29 U.S.C. § 206, comes before the Court on defendants' motion to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, to transfer the case to the United States District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1406(a), on the same ground. Upon consideration of defendants' motion and plaintiff's opposition thereto, the Court concludes that venue in the District of Columbia is improper, and that this action should be transferred as requested by defendants.

It is evident by the pleadings filed in this action that not only could this case have been brought in the Eastern District of Virginia, as it must be found before a case may be transferred under 28 U.S.C. § 1406, but also that this case has unusually strong connections with the Commonwealth of Virginia. Plaintiff resides in Virginia, and complains of discrimination during her employment at the headquarters of defendant Central Intelligence Agency, which also are located in Virginia. While plaintiff alleges that defendant William J. Casey, director of the CIA, maintains an office in the District of Columbia, defendant Casey's principal office, and that of the CIA itself, are located at CIA Headquarters in Langley, Virginia. Affidavit of John H. Stein, ¶ 3 (attached to Motion to Dismiss). Still, plaintiff asserts that venue is appropriate in this district.

Defendants base their motion for transfer on the special venue provision of Title VII, 42 U.S.C. § 2000e–5(f)(3), arguing that the requirements for venue under that statute are not met. Plaintiff, on the other hand, argues that under the general venue provision for federal district courts in 28 U.S.C. § 1391(e), which applies to cases brought under the Equal Pay Act and which has different requirements from those of the Title VII provision, venue is

proper in this district. The parties also dispute whether the Title VII provision is jurisdictional, and if not, whether defendants have waived it.

■ Inasmuch as this case involves not merely the question of equal pay for equal work, but issues of hiring, promotions, specialized training, overseas assignments, management opportunities, career advancement, bias in evaluations of performance and allegedly sexist and discriminatory attitudes of supervisors as well, it is evident that this primarily is an action under Title VII. In *Laffey v. Northwest Airlines, Inc.*, 321 F.Supp. 1041 (D.D.C. 1971), Judge Robinson ruled that a case brought under both Title VII and the Equal Pay Act was essentially an action for equal pay for equal work, and, as such, found that section 1391 should take precedence over the Title VII venue provision. 321 F.Supp. at 1042. Consequently, in the instant case, since the Title VII issues predominate, the Title VII venue provision should govern.

■ The Title VII venue provision states that actions brought under Title VII

... may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3). In the matter at hand, it is not disputed that the unlawful practices were alleged to have occurred at CIA Headquarters, in Langley, Virginia. Nor does plaintiff challenge defendants' assertions that the relevant employment records are located at CIA Headquarters, in Virginia, and that had the alleged unlawful practices not occurred, plaintiff nevertheless would have worked at CIA Headquar-

ters, or, perhaps, overseas, but in no case in the District of Columbia. Each of these tests points to venue in the Eastern District of Virginia. The statute provides that only when the respondent is not found within any of the districts described under these first three tests, may the action be brought in the district where the respondent has his principal office. Even so, were it necessary to reach the fourth test, the principal offices of defendants Casey and CIA are in Langley, Virginia.

■ As to the question of waiver, it is clear that assuming, without deciding, that the Title VII venue provision is not jurisdictional, it has not been waived by defendants. Plaintiff cites an order in *Weber v. Turner*, Civil Action No. 80–0412 (D.D.C.) for the proposition that the Title VII venue provision is not jurisdictional and therefore "the government was held to waive the question" of transfer for improper venue. This is neither a correct interpretation of *Weber* nor of the law regarding venue. That a question is jurisdictional means that it cannot be waived, but if the venue statute is not jurisdictional, then the Court must consider whether the question of venue has been waived or not before deciding the propriety of transferring venue. In *Weber*, the court determined that the government had waived its right to challenge venue after it had waited several months following the filing of its answer before it sought to present the issue by an amended answer. *Weber*, Order, Feb. 11, 1981. Since the defense of improper venue was available at the time of filing the answer but not raised then, it could not be asserted at the later date. *Id.* Here, by contrast, defendants have raised the issue of improper venue timely, by filing a motion to dismiss or to transfer on that ground in lieu of an answer. As such, defendants have not waived their right to challenge the venue of this action.

■ There is no question that this matter is not one properly before this Court but belongs in the United States District Court for the Eastern District of Virginia. As the United States Court of Appeals for the District of Columbia Circuit noted, venue of the right of action in Title VII cases is limited by that statute, which created the right, and "the intent of Congress to limit venue to the judicial districts concerned with the alleged discrimination seems clear." *Stebbins v. State Farm Mutual Automobile Insurance Co.*, 413 F.2d 1100, 1103 (D.C. Cir.), *cert. denied* 396 U.S. 895, 90 S.Ct. 194, 24 L.Ed.2d 173 (1965). As such, and in the interest of justice this case must, and shall be, transferred to the United States District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1406(a).

In light of the foregoing, it is, by the Court, this 30th day of October, 1981,

ORDERED, that defendants' motion to dismiss or transfer this case for improper venue to the United States District Court for the Eastern District of Virginia shall be and hereby is granted by transfer of this case to said Court, and it is

FURTHER ORDERED, that the Clerk of this Court shall transmit all records and papers in this action to the Clerk of the Court for the United States District Court for the Eastern District of Virginia, together with a certified copy of this Order.