**Howard K. HAYES, Plaintiff,**

v.

**RCA SERVICE COMPANY, et al., Defendants.**

Civ. A. No. 81–2978.

United States District Court, District of Columbia.

July 20, 1982.

Terence P. Boyle, Brenda A. Jacobs, Washington, D.C., for plaintiff.

Stephen A. Fennell, Martin D. Schneiderman, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

This matter is before the Court on the defendants' motion to dismiss the plaintiff's Title VII claim, or in the alternative, to transfer the entire action to the District of Maryland. In the underlying cause of action, the plaintiff seeks damages and injunctive relief to remedy alleged discrimination in employment by the defendants. The plaintiff's claim of discrimination is premised on alleged violations of (1) Title VII of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000e et seq., and (2) 42 U.S.C. § 1981.

The plaintiff is a black male who was employed by the defendants as a technician in their service branch in Hyattsville, Maryland from August 27, 1965 to May 5, 1980, when he was involuntarily placed on leave of absence. His complaint contains four counts of alleged discrimination. They are: (1) that the plaintiff was not promoted to a managerial position, even though less qualified white employees were advanced to such positions; (2) that the plaintiff was placed on involuntary leave of absence purportedly because of a physical handicap, while white employees with similar physical limitations were retained and given "light duty" positions; (3) that, due to his race, the plaintiff was assigned to work in high crime areas, denied training opportunities necessary for promotion, and denied a permanent assignment to the Hyattsville, Maryland shop; and (4) that the defendants compensated black employees, including the plaintiff, at rates lower than comparable white employees.

The defendants, in their motion, have taken the position that venue is improper in this district with respect to the plaintiff's Title VII claim, and therefore, the Title VII cause of action should either be dismissed or the entire action transferred. Plaintiff responds by asserting that venue is proper under Title VII, or alternatively, that since venue is proper as to the cause of action under 42 U.S.C. § 1981, it is also proper as to Title VII under the doctrine of pendent venue.

Title VII contains a special venue provision, 42 U.S.C. § 2000e–5(f)(3) which limits the choice of available forums. More specifically, it provides that venue is proper and an action may be brought: (1) in any judicial district in the state in which the unlawful employment practice is alleged to have been committed; (2) in the judicial district in which the employment records relevant to such practice are maintained and administered; or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.[1]

◼ In the first of these three situations, the proper district is the one where the alleged unlawful employment practice was committed. Therefore, the Court must look to the place where the decisions and actions concerning the employment practices occurred. In the present instance, the decisions which are said to have wrongfully denied the plaintiff promotions, light duty work, training opportunities and equal pay all took place in the defendants' Hyattsville, Maryland service center. While the plaintiff does complain of being assigned to routes located in the District of Columbia, the decision to assign those routes was made in Hyattsville, Maryland at the service center. As such, this first situation does not provide a basis for finding proper venue as to the Title VII cause of action in the District of Columbia.

The second of the three situations also does not provide a basis for venue in the District of Columbia, since it has been conceded that the relevant employment records for this case are located in Maryland.

◼ The last of the three situations which might provide a basis for Title VII venue requires a finding that the plaintiff would have worked in the District of Co-

---

1. The full text of 42 U.S.C. § 2000e–5(f)(3) provides:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

lumbia but for the alleged unlawful employment practices of which he complains. However, looking to the practices alleged in the complaint, it appears that the only place the plaintiff would have worked but for the alleged discrimination was in the Hyattsville, Maryland service center. More specifically, while the plaintiff asserts that he was denied promotions to supervisory positions, he has identified those positions as sales manager, service manager or chief technician. (*See* plaintiff's answer 10(a) to interrogatories, filed June 16, 1982). All of these positions were located in the Hyattsville, Maryland service center.

Similarly, the plaintiff alleges that, due to discrimination, he was placed on leave of absence even though he could have continued in "light duty" positions. Those "light duty" positions have been identified by him as sales manager, service manager, chief technician, chassis shop employee, branch manager and office manager (*see* plaintiff's answer 12(a) to interrogatories, filed June 16, 1982). All of these positions also were located in the Hyattsville, Maryland service center.

Finally, the training which was allegedly denied the plaintiff would have qualified him once again only for supervisory positions involving work at the Hyattsville, Maryland service center. And, of course, the permanent shop assignment which he sought would also have placed him there.

Thus, under any of the three possible situations which might provide a proper basis for Title VII venue in this case, the District of Columbia does not satisfy the requirements, while Maryland does.

■ This being the case, the Court turns to the plaintiff's argument that, since venue under 42 U.S.C. § 1981 is proper, the doctrine of pendent venue can be applied to bring in the Title VII cause of action. Generally, venue must be established as to each cause of action, *see Lamont v. Haig,* 590 F.2d 1124, 1135 (D.C. Cir. 1978); *Relf v. Gasch,* 511 F.2d 804, 807 n. 12 (D.C. Cir. 1975). The doctrine of pendent venue, however, has been applied in a relaxation of this rule in limited circumstances, such as where the proofs and parties are the same for the various causes of action. *See Lamont v. Haig, supra,* 590 F.2d at 1135 n. 69; *Laffey v. Northwest Airlines, Inc.,* 321 F.Supp. 1041, 1042 (D.D.C. 1971), aff'd in part, vacated and remanded in part, 567 F.2d 429 (1976), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978). *See also, United States v. Trucking Management, Inc.,* 20 FEP Cases 342, 349 (D.D.C. 1979), aff'd, 662 F.2d 36 (1981). Nevertheless, if one of the causes of action can be considered a principal one and the others are secondary, proper venue must be established for that principal cause of action. *See Laffey v. Northwest Airlines, Inc., supra,* 321 F.Supp. at 1042. *See also Turbeville v. Casey,* 525 F.Supp. 1070 (D.D.C. 1981). This is particularly so if the principal cause of action is governed by a narrower venue provision than the secondary cause of action. *See United States v. Trucking Management, Inc., supra,* and discussion, *infra.*

■ The allegations upon which the plaintiff is proceeding in this case involve employment discrimination. In this regard, a cause of action for employment discrimination may be made out under *either* Title VII or 42 U.S.C. § 1981. However, it is to be noted that Title VII is a statute which has been specifically fashioned by Congress to remedy employment discrimination, while 42 U.S.C. § 1981 is a broader, more general provision addressing contractual, property and other rights. This is evidenced not only by the language of the two provisions,[2] but by the fact that, in attempting to apply 42 U.S.C. § 1981 to employment discrimination claims, the courts on occasion turn to Title VII for guidance.

**2.** 42 U.S.C. § 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. While 42 U.S.C. § 2000e–2 provides in pertinent part:

(a) Employer practices

*See, e.g., Pettway v. American Cast Iron Pipe Co.,* 576 F.2d 1157 (5th Cir. 1978), *cert. denied,* 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1979). In view of this, it is reasonable to conclude that, in the employment discrimination context, Title VII should be considered a principal cause of action whenever it is joined with a cause of action under 42 U.S.C. § 1981.

This is particularly so in view of the fact that Title VII has been given a narrower venue provision than that applicable to 42 U.S.C. § 1981. As such, there is a fundamental policy consideration which compels recognition of Title VII as the principal cause of action and 42 U.S.C. § 1981 as only secondary. Congress, in writing a narrower, specific venue provision for Title VII, obviously intended that Title VII actions be confined to certain districts. *See United States v. Trucking Management, Inc., supra.* Nevertheless, unless Title VII is considered the primary cause of action for this type of employment discrimination case, the venue provision intended by Congress could be effectively written out of the statute by using a companion cause of action under 42 U.S.C. § 1981 as a basis for venue and then invoking the doctrine of pendent venue. Since the doctrine applies when proofs and parties are the same, pendent venue could conceivably be invoked in every Title VII case through the mechanism of joining a companion cause of action under 42 U.S.C.

§ 1981. Therefore, in order to preserve the intent of Congress as to permissible venue in Title VII actions, the Court feels compelled to apply a rule in an employment discrimination case such as this, that Title VII will be considered the principal cause of action and a companion cause of action under 42 U.S.C. § 1981 will be only secondary.

■ As venue is improper with respect to the Title VII cause of action and it is the principal claim, this case cannot be heard in its present form in this district. In this regard, when venue is improper in an action, the procedural remedy to be applied is found in the provisions of 28 U.S.C. § 1406 which states in pertinent part:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Under this provision, the decision as to whether a dismissal or a transfer is appropriate is one committed to the discretion of the Court acting in the interests of justice. *See* 15 Wright and Miller § 3827, at 170 (1976).[3]

■ With this in mind, the Court concludes that the interests of justice would be best served by transferring this case to the District of Maryland. Venue has been shown to be proper there as to both causes

It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of such individual's race, color, religion, sex, or national origin.

. . . . .

(d) Training programs
It shall be an unlawful employment practice for any employer, labor organization, or joint labor-management committee controlling apprenticeship or other training or re-

training, including on-the-job training programs to discriminate against any individual because of his race, color, religion, sex, or national origin in admission to, or employment in, any program established to provide apprenticeship or other training.

**3.** The parties had suggested that the provisions of 28 U.S.C. § 1404(a) would govern any transfer in this case. That section permits transfers "[f]or the convenience of parties and witnesses, in the interest of justice." However, 28 U.S.C. § 1404(a) deals with situations in which venue is proper in the district where the case was originally filed, and involves the question of whether the case should be transferred or not.

In the present instance, venue has been found to be *improper* in the District of Columbia and the proper corrective vehicle is 28 U.S.C. § 1406(a). In contrast to section 1404(a), it requires a decision of a different nature, that is, whether to transfer *or dismiss,*

of action and it is a convenient forum for the parties and witnesses. The transfer will preserve the plaintiff's right to proceed under Title VII, while at the same time avoiding the prospect to two markedly similar discrimination actions, one under Title VII and the other under 42 U.S.C. § 1981, being brought in different judicial districts. The avoidance of duplicitous litigation will serve the interests of justice through judicial economy and similarly serve the convenience of the parties and witnesses.

Accordingly, it is this 19th day of July, 1982,

ORDERED that the defendant's motion to transfer this case is granted, and this entire action shall be transferred to the United States District Court for the District of Maryland, with the Clerk of the Court to take the necessary action to effectuate that transfer.

and the interests of justice, not the convenience of the parties predominates. Nonetheless, in considering the interests of justice herein, the Court has given consideration to the convenience of the parties.