Emmett J. STEBBINS, Appellant,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, et al.

No. 83–2174.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 15, 1984.
Decided March 26, 1985.

Emmett J. Stebbins, pro se, for appellant.

Donald J. McCartney, Washington, D.C., for appellees. Joseph E. diGenova, U.S. Atty., R. Craig Lawrence, Ann S. DuRoss and Royce C. Lamberth, Asst. U.S. Attys., Washington, D.C., entered appearances for appellees.

Before EDWARDS and BORK, Circuit Judges, and OBERDORFER,* District Judge.

Opinion PER CURIAM.

Concurring opinion filed by Circuit Judge HARRY T. EDWARDS.

PER CURIAM:

Mr. Emmett J. Stebbins appeals from an order of the district court (Smith, J.) dismissing with prejudice his complaint against the Equal Employment Opportunity Commission ("EEOC") and the Nationwide Mutual Insurance Company ("Nationwide"). Mr. Stebbins claims on appeal that the EEOC unlawfully denied his request for disclosure under the Freedom of Information Act and that Nationwide discriminated against him in its employment practices in violation of 42 U.S.C. § 2000e *et seq.* (1982) and of 42 U.S.C. § 1981 (1982). We affirm the district court's dismissal of

the action against the EEOC on the ground that Mr. Stebbins failed to exhaust his administrative remedies. We reverse the district court's dismissal of the employment discrimination claims and remand those claims for further proceedings consistent with this opinion.

I.

The present case is Mr. Stebbins' fifth suit against Nationwide alleging employment discrimination.[1] Mr. Stebbins' previous suits have all been unsuccessful, and in two cases circuit courts have observed that he appears to have made a profession out of suing insurance companies. *Stebbins v. Nationwide Mutual Insurance Co.,* 528 F.2d 934, 935 n. 1 (4th Cir.1975); *Stebbins v. Nationwide Mutual Insurance Co.,* 469 F.2d 268, 270 (4th Cir.1972). Mr. Stebbins has filed some twelve cases against various insurance companies since 1966 and is a "uniquely sophisticated litigant in Title VII matters." 469 F.2d at 270. Although he seeks employment as a claims adjuster, Mr. Stebbins has been found to be "so lacking in elementary financial prudence, candor, stability, meaningful interest in the business world and definite career direction that no prudent insurance company could reasonably offer to employ him in a position of fiscal trust." *Stebbins v. Insurance Company of North America,* 3 Empl. Prac.Dec. (CCH) ¶ 8168, at 6525, 6529 (D.D.C.1970).

On March 30, 1983, Mr. Stebbins commenced the instant litigation by filing a complaint against the EEOC and Nationwide. The complaint charges Nationwide with illegal employment discrimination against blacks and with illegal retaliation against Mr. Stebbins because of his previous suits against the company. Plaintiff

---

* Of the United States District Court for the District of Columbia, sitting by designation pursuant to 28 U.S.C. § 292(a).

1. *See, e.g., Stebbins v. Nationwide Mut. Ins. Co.,* 528 F.2d 934 (4th Cir.1975), *cert. denied,* 424 U.S. 946, 96 S.Ct. 1417, 47 L.Ed.2d 353 (1976); *Stebbins v. Nationwide Mut. Ins. Co.,* 469 F.2d 268 (4th Cir.1972), *cert. denied,* 410 U.S. 939, 93

S.Ct. 1403, 35 L.Ed.2d 606 (1973); *Stebbins v. State Farm Mut. Auto. Ins. Co.,* 413 F.2d 1100 (D.C.Cir.), *cert. denied,* 396 U.S. 895, 90 S.Ct. 194, 24 L.Ed.2d 173 (1969); *Stebbins v. Nationwide Mut. Ins. Co.,* 382 F.2d 267 (4th Cir.1967), *cert. denied,* 390 U.S. 910, 88 S.Ct. 836, 19 L.Ed.2d 880 (1968).

claimed to have sought employment with Nationwide on April 4, 1982, August 1, 1977, June 27, 1977, and May 16, 1977. Complaint at IV(d). On appeal, plaintiff suggests in addition that he had sought employment from Nationwide "throughout the United States in general, and the Tri-state Region in particular (District of Columbia, Delaware, Maryland and the Commonwealth of Virginia)." Brief and Appendix for Appellant at 3–4.

On June 15, 1983, the EEOC moved for dismissal or, in the alternative, for summary judgment, on the ground that Mr. Stebbins was required to exhaust his administrative remedies before seeking judicial review. On June 17, 1983, Nationwide moved to dismiss on four grounds including that the alleged cause of action was barred by the doctrine of *res judicata* and that venue was improper in the District of Columbia. To support its motion on venue, Nationwide submitted evidence that it "did not have any office in the District of Columbia where claims adjusters, underwriters, claims representatives or supervisors were employed." Nationwide conceded, however, that it does have agents who sell insurance in the District of Columbia as independent contractors. Nationwide insisted that Mr. Stebbins' allegations did not concern such agents.

On July 25, 1983, the district court granted both motions to dismiss *with prejudice.* Judge Smith's order stated in full:

> Upon consideration of the motions to dismiss filed by defendants Equal Employment Opportunity Commission and Nationwide Mutual Insurance Company, and plaintiff's failure to oppose those motions, the Court finds that plaintiff has failed to exhaust his administrative remedies as required before bringing suit against the Equal Employment Opportunity Commission. In addition, this Court is not the proper venue for plaintiff's

claim against Nationwide Mutual Insurance Company.

On August 2, 1983, Mr. Stebbins moved to alter or amend the district court's order, and his motion specifically noted that venue was "proper for plaintiff's claims alleged under 42 USC 1981 and D.C. Human Rights Law." On August 24, 1983, Nationwide moved for its attorney's fees because of "the harassing and vexatious nature of plaintiff's repeated suits and the extreme cost ... of defending each ... action[ ] up to the United States Supreme Court." On September 8, 1983, the district court denied Mr. Stebbins' motion to alter or amend its previous order. On November 3, 1983, Mr. Stebbins filed his notice of appeal to this court.

## II.

We affirm the district court's dismissal of the action against the EEOC because of Mr. Stebbins' failure to exhaust his administrative remedies. Exhaustion of such remedies is required under the Freedom of Information Act before a party can seek judicial review. *Hedley v. United States,* 594 F.2d 1043, 1044 (5th Cir.1979). The action against Nationwide must be remanded, however, as to each of Mr. Stebbins' three employment discrimination claims. We are puzzled by the district court's action in dismissing all of Mr. Stebbins' claims *with prejudice* on the ground that venue was improper. Ordinarily, a dismissal on venue grounds is presumed not to be a final adjudication on the merits.[2] Fed.R.Civ.P. 41(b).

We are also puzzled by the district court's order because it does not address separately why venue is improper as to *each* of the three employment discrimination claims advanced by Mr. Stebbins. We recognize that venue may be improper as to the Title VII claim for reasons similar to those discussed in our prior decision in

---

**2.** The dismissal with prejudice cannot be explained solely on the ground that the venue question was previously resolved in *Stebbins v. State Farm,* 413 F.2d 1100. This case involves allegations of more recent discriminatory actions than were at issue in the *State Farm* case.

Accordingly, the new allegations must be examined to determine whether venue is proper in the District of Columbia in *this* case even though it was improper in the previous litigation.

*Stebbins v. State Farm Mutual Automobile Insurance Co.*, 413 F.2d 1100 (D.C.Cir. 1969). However, that case concerned only a Title VII claim and here we have claims brought under 42 U.S.C. § 1981 and the D.C. Human Rights law as well. Accordingly, venue may be improper as to the Title VII claim but appropriate for the claim brought under section 1981. Alternatively, the Title VII venue provision may be controlling for the entire lawsuit pursuant to the legal principle announced in *Hayes v. RCA Service Co.*, 546 F.Supp. 661 (D.D.C. 1982). In that event, all three of the antidiscrimination claims might have to be transferred to the proper Title VII venue.

These questions cannot be resolved without clarification by the district court of its order of dismissal. First, if the dismissal is to be with prejudice, it must be on some ground other than improper venue. As we have noted, dismissal on grounds of venue does not ordinarily represent a final adjudication on the merits. Second, if the dismissal is based on venue then the district court must consider whether venue is improper for all three employment discrimination claims, pursuant to *Hayes*, or whether *Hayes* was wrongly decided and venue is improper only for the claim under Title VII. We express no opinion on this question, since the district court has not ruled on it in the first instance and since there are unresolved factual questions which may obviate the need for us to rule on it.[3] Specifically, the district court has not resolved whether the employment sought by Mr. Stebbins was available from Nationwide in the District of Columbia. This factual question must be settled before a determination can be made on whether the venue was improper for Mr. Stebbins' Title VII claim.[4] Until this question has been re-

solved, we need not consider the propriety of the *Hayes* doctrine which applies the venue provisions of Title VII to employment discrimination claims brought under section 1981. It remains possible that the District of Columbia is the proper venue for all of the antidiscrimination claims including the claim brought under Title VII.

In remanding, we feel obliged to caution Mr. Stebbins that we are expressing no opinion as to the merits of his claim. We are remanding solely to afford the district court an opportunity to make an initial resolution of factual and legal issues, as is its right.

The claim against Nationwide is remanded to the district court for further proceedings consistent with this opinion. The judgment in favor of the EEOC is affirmed in all respects.

*It is so ordered.*

HARRY T. EDWARDS, Circuit Judge, concurring:

The appellant, Emmett J. Stebbins seeks reversal of the District Court's order dismissing with prejudice his complaint against the Equal Employment Opportunity Commission ("EEOC") and Nationwide Mutual Insurance Company ("Nationwide").[1] Stebbins complained that the EEOC unlawfully denied his requests for disclosure under the Freedom of Information Act ("FOIA"). We affirm the District Court's dismissal of the action against the EEOC for Stebbins' failure to exhaust his administrative remedies. Stebbins also alleged that Nationwide engaged in discriminatory employment practices in violation of 42 U.S.C. § 1981 and of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* The District Court dis-

---

**3.** We therefore do not endorse the criticisms of *Hayes* expressed by Judge Edwards in his separate concurrence. Indeed, if the issue were properly before us, we would be inclined to follow the general approach of *Hayes*.

**4.** The district court must arrive at an initial resolution of all factual issues bearing on whether the District of Columbia is "the judicial district in which [Stebbins] would have worked

but for the alleged unlawful employment practice." 42 U.S.C. § 2000e–5(f)(3).

**1.** *Stebbins v. Nationwide Mut. Ins. Co.*, No. 83–0926 (D.D.C. July 25, 1983) (order granting motions to dismiss) and *Stebbins v. Nationwide Mut. Ins. Co.*, No. 83–0926, (D.D.C. Sept. 8, 1983) (order denying modification of the June 25, 1983 order).

missed those claims on the basis that venue was improper in this forum. On the slim record before us, we are unable to understand why venue is improper, and we therefore remand for further consideration of both Stebbins' Title VII and section 1981 claims. Even if the District Court finds that venue is improper in this forum for the Title VII claim, however, I am concerned that we respect the integrity of any remaining section 1981 claim. I address this issue below.

## I. BACKGROUND

Stebbins filed his complaint against the EEOC and Nationwide in the District Court on March 30, 1983. The complaint alleges that Nationwide follows "a policy and practice of discrimination in employment against Blacks on account of their race." Specifically, Stebbins claims that Nationwide refused to employ him in a retaliatory gesture because he had previously "sued Nationwide all the way to the Supreme Court of the United States." Stebbins also claims that one of Nationwide's managers hurled a racial insult at him, that Nationwide has a policy of not employing Blacks as claims adjusters, and that Nationwide has employed whites with lesser qualifications than himself. Stebbins requested $120,000 in compensatory damages and $120,000 in punitive damages against Nationwide.

2. Nationwide relied on four prior employment discrimination suits prosecuted by Stebbins against Nationwide: *Stebbins v. Nationwide Mut. Ins. Co.,* 528 F.2d 934 (4th Cir.1975), *cert. denied,* 424 U.S. 946, 96 S.Ct. 1417, 47 L.Ed.2d 353 (1976); *Stebbins v. Nationwide Mut. Ins. Co.,* 469 F.2d 268 (4th Cir.1972), *cert. denied,* 410 U.S. 939, 93 S.Ct. 1403, 35 L.Ed.2d 606 (1973); *Stebbins v. State Farm Mut. Auto. Ins. Co.,* 413 F.2d 1100 (D.C.Cir.), *cert. denied,* 396 U.S. 895, 90 S.Ct. 194, 24 L.Ed.2d 173 (1969), and *Stebbins v. Nationwide Mut. Ins. Co.,* 382 F.2d 267 (4th Cir.1967), *cert. denied,* 390 U.S. 910, 88 S.Ct. 836, 19 L.Ed.2d 880 (1968).

3. Stebbins moved to strike the motions completely on the ground that the EEOC and Nationwide had failed to serve him with copies of their motions. The record shows certificates of service to Stebbins attached to the motions of both the EEOC and Nationwide.

On June 15, 1983, the EEOC moved for dismissal or, in the alternative, for summary judgment, on the ground that no genuine issue existed as to any material fact and that Stebbins was required to exhaust his administrative remedies before seeking judicial review. On June 17, 1983, Nationwide moved to dismiss on four grounds: (1) that the alleged cause of action was barred by the doctrine of *res judicata;*[2] (2) that venue was improper in the District of Columbia District Court; (3) that the Title VII cause of action was barred by the statute of limitations; and (4) that the complaint failed to state a cause of action upon which relief could be granted.[3]

On June 25, 1983, the District Court granted both motions to dismiss *with prejudice.* The motion of the EEOC was granted because of Stebbins' failure to exhaust his administrative remedies. The motion of Nationwide was granted on grounds of improper venue.[4] On August 2, 1983, Stebbins moved to alter or amend the order, because, *inter alia,* venue was proper in the District Court for his claim under section 1981. The District Court declined to modify its order, stating:

Upon consideration of plaintiff's motion to alter or amend this Court's Order entered on July 25, 1983, the Court finds no new evidence upon which to support a

4. The District Court did not address the other grounds asserted by Nationwide for dismissal. Its order simply stated:

Upon consideration of the motions to dismiss filed by defendants Equal Employment Opportunity Commission and Nationwide Mutual Insurance Company, and plaintiff's failure to oppose those motions, the Court finds that plaintiff has failed to exhaust his administrative remedies as required before bringing suit against the Equal Employment Opportunity Commission. In addition, this Court is not the proper venue for plaintiff's claim against Nationwide Mutual Insurance Company.

*Stebbins v. Nationwide Mut. Ins. Co.,* No. 83–0926 (D.D.C. July 25, 1983) (order granting motions to dismiss).

modification of the Order dismissing the case....[5]

This appeal followed.

## II. DISCUSSION

The only issue of any consequence in this appeal is whether the District Court correctly dismissed Stebbins' claims against Nationwide on the ground of improper venue. In its July 25, 1983 order, the District Court stated without elaboration that "this Court is not the proper venue for plaintiff's claim against Nationwide Mutual Insurance Company." I agree with the *per curiam* opinion that we cannot affirm the dismissal of Stebbins' Title VII case on so incomplete a record. Since the venue problems in this case are not palpably identical to those in *Stebbins v. State Farm Mutual Automobile Ins. Co.*, 413 F.2d 1100, 1102 (D.C.Cir. 1969) ("*Stebbins I*"), at least on the inadequate record before us, we are remanding for findings on the Title VII venue issue.

The District Court might, indeed, find on remand that post-*Stebbins I* developments do not affect our earlier resolution in 1969 that venue is improper. Assuming that we cannot hear the Title VII claim here, however, I do not believe that, with respect to venue, the section 1981 claim may be treated as a mere shadow of the Title VII claim. It is my view that if the Title VII claim is dropped by Stebbins, or dismissed by the District Court on the grounds of improper venue, we must separately address the issue of venue for the section 1981 claim. In this regard, the District Court in the instant case did not address the standards for venue under section 1981 and we need not reach that issue here.[6] I do note

though that we have found no authority, and neither the parties nor the District Court have pointed to any, which suggests that, where a Title VII and a section 1981 claim are joined and the Title VII claim is dismissed with prejudice on the basis of improper venue, venue is also improper for the remaining section 1981 claim.

Nationwide speculates that the District Court may have intended to rely on *Hayes v. RCA Service Co.*, 546 F.Supp. 661 (D.D.C.1982), in dismissing Stebbins' section 1981 claim. Apart from the fact that there is nothing in the trial record to support such speculation, I find it difficult to comprehend the relevance of *Hayes* in this matter. The court in *Hayes* merely considered whether, if jurisdiction was proper under section 1981 but not under Title VII, a court could exercise "pendent venue" over the Title VII claim. The *Hayes'* court declined to exercise pendent venue over the Title VII claim, reasoning, first, that under the facts of that case the Title VII action was the main action and, second, that the case could be transferred to the District of Maryland where venue was proper for the Title VII claim. The court ruled that where it is clear that Title VII is the principal cause of action, a plaintiff may not avoid the statutory venue requirements of Title VII by "using a companion cause of action under 42 U.S.C. § 1981 as a basis for venue and then invoking the doctrine of pendent venue." *Id.* at 665.[7]

Even if the holding in *Hayes* could be considered the law of this circuit, which it is not, it is clear that the present case is readily distinguishable.[8] First, it cannot be

5. *Stebbins v. Nationwide Mut. Ins. Co.*, No. 83-0926 (D.D.C. Sept. 8, 1983) (order denying modification of the July 25, 1983 order).

6. *But see, e.g., Sinwell v. Shapp*, 536 F.2d 15, 17 (3d Cir.1976) (since the complaint is based on 42 U.S.C. § 1981 the district court properly referred to the general venue provisions of 28 U.S.C. § 1391(b)); *Stith v. Manor Baking Co.*, 418 F.Supp. 150, 155 (W.D.Mo.1976) (venue under section 1981 action is governed by the general venue statute, 28 U.S.C. § 1391); *see also* I J. MOORE, MOORE'S FEDERAL PRACTICE, ¶ 0.144[14.–17] at 1571–72.

7. The court in *Hayes* went so far as to suggest that, "in the employment discrimination context, Title VII should be considered a principal cause of action *whenever* it is joined with a cause of action under 42 U.S.C. § 1981." 546 F.Supp. at 665 (emphasis added). I find this suggestion highly questionable and without any judicial or legislative support.

8. I am not aware that *Hayes* has been followed by any federal court of appeals. Moreover, the District Court did not even mention, let alone rely upon, *Hayes*. I would be reluctant indeed to proceed on the basis of a doctrine that was not briefed, argued nor litigated below. If the

assumed that Stebbins' suit threatened a misuse of "pendent venue" because there has been no finding that his Title VII claim was his principal cause of action. Second, even if the District Court assumed Stebbins' Title VII claim to be the principal cause of action, this would not have justified a decision to dismiss *with prejudice.* The court in *Hayes* transferred the employment discrimination claims there to another district court in which Title VII venue was proper; here, the trial court simply dismissed the entire case *with prejudice* even though venue might be proper on Stebbins' section 1981 claim. Stebbins was not even given an opportunity to drop his Title VII claim as a condition to proceeding with his suit under section 1981.

Finally, because it does not appear that Stebbins' Title VII claims can be successfully transferred to another jurisdiction, *see Stebbins v. Nationwide Mutual Insurance Co.,* 528 F.2d 934 (4th Cir.1975), *cert. denied,* 424 U.S. 946, 96 S.Ct. 1417, 47 L.Ed.2d 353 (1976), and based on my assumption for the sake of this discussion that venue is improper on the Title VII claim in the District of Columbia District Court, Stebbins' only potentially viable claim would then appear to be the section 1981 action. If this were the case, and section 1981 was his sole claim, it is difficult to understand how this action could be dismissed with prejudice because Stebbins was unable to pursue any action under Title VII.

Nationwide also has cited *Laffey v. Northwest Airlines, Inc.,* 321 F.Supp. 1041 (D.D.C.1971), and *Turbeville v. Casey,* 525 F.Supp. 1070 (D.D.C.1981), in support of the District Court's dismissal of Stebbins' section 1981 action. Neither case, however, addresses the issue that has been raised in this case. In *Laffey* and *Turbeville,* the trial courts were faced with suits arising under both Title VII and the Equal Pay Act.[9] In *Laffey,* the court held that since the Equal Pay Act claim was the principal cause of action, and since venue was proper on this claim, the entire action could be maintained in the District of Columbia District Court. In *Turbeville,* however, because the court found that the case involved substantially more than questions of equal pay for equal work, it held that Title VII was the principal cause of action. Since venue was improper on the Title VII action, the case was transferred to the United States District Court for the Eastern District of Virginia. In neither *Laffey* nor *Turbeville* were the plaintiffs' suits dismissed with prejudice. Furthermore, neither case involved the situation I address here, where the only viable action available to Stebbins would be his section 1981 action.

I can find no authority for the proposition that an employment discrimination suit arising on a claim outside of Title VII should be dismissed with prejudice because venue cannot be maintained under Title VII. *Hayes, Laffey* and *Turbeville* certainly do not stand for any such principle. Therefore, appellee's citation to these cases gives no real support to a dismissal of Stebbins' section 1981 action with prejudice on the basis that venue is improper under Title VII.

One of my principal concerns with this appeal is Nationwide's implicit suggestion that suits under Title VII and section 1981 always must be viewed as indistinguishable. This court has made it plain that

> Section 1981 [applies] ... to acts of private racial discrimination by union organizations and employers and should not be read as as having been repealed by passage of Title VII in 1964. Originally enacted as the Civil Rights Act of 1866, there is no question that Section 1981, like its statutory twin Section 1982, is a constitutional assertion of congressional power to enforce the Thirteenth Amendment.

District Court elects to rely on *Hayes* on remand, its decision will be subject to review on this point in any subsequent appeals of this matter.

**9.** Equal Pay Act of 1963, 29 U.S.C. § 206(d) (1975 & Supp.1984).

*Macklin v. Spector Freight Systems, Inc. v. Local Union No. 639,* 478 F.2d 979, 993–94 (D.C.Cir.1973) (citations omitted); *see also Torre v. Barry,* 661 F.2d 1371, 1373 (D.C.Cir.1981). Likewise, the Supreme Court has stated that Title VII is not the exclusive remedy for claims of employment discrimination in the private sector, and that resort to administrative machinery under Title VII is not a prerequisite to an action under section 1981. *Johnson v. Railway Express Agency,* 421 U.S. 454, 460–61, 95 S.Ct. 1716, 1720–21, 44 L.Ed.2d 295 (1975). In *Johnson,* the examination of the legislative history of Title VII revealed a Congressional intent that Title VII remedies would augment, not exclude, section 1981 remedies.

"[R]emedies available to the individual under Title VII are co-extensive with the indiv[i]dual's right to sue under the provisions of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and ... the two procedures augment each other and are not mutually exclusive."

*Johnson v. Railway Express Agency,* 421 U.S. at 459, 95 S.Ct. at 1719 (quoting H.R. Rep. No. 92–238, 92d Cong., 1st Sess. 19 (1971)).

Therefore, I intend in this separate statement to underscore my concern that the District Court on remand accord conceptual integrity to the section 1981 claim and address the complex problems presented by *Hayes* should it find that venue is improper for the Title VII claim under *Stebbins I.*