905 F.2d 1532
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Elizabeth A. TIBBS, Plaintiff-Appellant,
v.
WASHINGTON SUBURBAN SANITARY COMMISSION, Defendant-Appellee,
and
Alan Herman, Contract Manager 1; John McCleod, Maintenance
Services Division Head; Wayne Fallin, Director of
Maintenance Bureau in their official
work capacity, Defendants.
 No. 89-3364.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 1, 1990.
Decided May 21, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-89-2098-S)
 Gary Smith, Baltimore, Md., for appellant.
 Nathan J. Greenbaum, Robert H. Drummer, Laura A. Swisher, Washington Suburban Sanitary Commission, Hyattsville, Md., for appellees.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Elizabeth A. Tibbs appeals the district court's entry of summary judgment against her in her suit against Washington Suburban Sanitary Commission (WSSC) and several of her supervisors alleging gender-based discrimination in her employment as a Maintenance Inspector III. As originally filed, her complaint stated three causes of action, but she voluntarily dismissed two of these causes. This appeal relates only to her claim of sex discrimination that she was denied a promotion and that she has received unequal treatment in her working conditions.
 
 
 2
 Appellant claimed sex discrimination because she was "demoted to her present job" when her position was changed from Assistant Supervisor of Building and Grounds to Maintenance Inspector III. Even though this was a lateral transfer, she brought an action in the United States District Court of Maryland, Civil Action No. S-87-2381, against the same defendants, claiming sex discrimination because of her job change. This prior action was dismissed with prejudice, and on the merits, on February 23, 1988.
 
 
 3
 In April 1988 appellant filed another claim with EEOC claiming sex discrimination by WSSC. After she received a right to sue letter, the present action was filed July 21, 1989. In Count I it is again alleged that plaintiff was demoted to her present job and also was denied a promotion to the position of Supervisor of Contracts in the Bureau of Supplies and Resources Control within six months prior to April 1988, and that she has received unequal treatment in her working conditions. Count II was a claim of illegal retaliation for filing a prior charge with the EEOC and Count III was a claim of sex discrimination in violation of 42 U.S.C. Sec. 1981. Plaintiff abandoned Counts II and III and they were dismissed by the district court. Count I was the subject of a successful summary judgment motion by the defendant. The district court found that appellant's claim of discrimination, because of her claim of demotion or transfer to her present job in November 1986, was barred by res judicata because it was the subject of a dismissal on the merits with prejudice in February 1988, in her prior action, Civil No. S87-2381, and that her claim of "continuing demotion" was insufficient in law and fact to overcome the claim of preclusion resulting from the disposition of her prior action.
 
 
 4
 As to her claims of unequal treatment in her working conditions, the district court found that appellant had not created an issue of triable fact.
 
 
 5
 The district court properly dismissed her claim arising from her transfer or demotion because it is barred by res judicata. Nevada v. United States, 463 U.S. 110 (1983). Appellant now argues that she is still in the position of Maintenance Inspector III, and therefore the discrimination against her is continuing and she is not barred by the judgment in the prior action. There is no merit to this argument. The act of alleged discrimination was the transfer or as she calls it, "demotion," and the judgment in the prior action has decided this issue against her. She may not relitigate this issue by claiming that the prior action covered one six-month period and the present action is for another six-month period.
 
 
 6
 She may not proceed on her claim that she was denied promotion to the position of supervisor of contracts, because she did not raise this claim in her charge filed with the EEOC. Stebbins v. Nationwide Mutual Insurance Company, 382 F.2d 267 (4th Cir.1967).
 
 
 7
 Appellant also claims unequal treatment because she was the only female Maintenance Inspector III and that her van was not air conditioned and did not contain an "arrow board" and, as a result, it was not as safe or as comfortable as the vans furnished the male employees doing the same job. An affidavit in support of the defendant's summary judgment motion reflects that only two of the eight vans were air conditioned. This figure has not been challenged by appellant, and it would not be evidence of sex discrimination that the plaintiff and five males were driving vans not air conditioned while two males had vans with this added comfort. Her claim that she was not issued certain safety equipment is without merit, because the record shows that all she need do was ask for such equipment and it would be issued without any necessity of prior approval. She has not shown that a lack of such safety equipment has caused any harm to her.
 
 
 8
 Although appellant filed an affidavit in response to the motion for summary judgment, this affidavit does not create any triable issues of fact. In her brief to this court the appellant unsuccessfully tries to create genuine issues of material fact by use of the unsupported allegations of the complaint. We agree with the district judge that the appellant has not created "[a]ny genuine factual issues that properly can be resolved by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).
 
 
 9
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.