**Lincoln Douglas JEANES, Plaintiff,**

v.

**U.S. DEPARTMENT OF JUSTICE, et al., Defendants.**

**No. 01–874 (RJL).**

United States District Court, District of Columbia.

July 21, 2004.

Lincoln Douglas Jeanes, pro se, Avenal, CA.

Paul A. Mussenden, U.S. Attorney's Office for the District of Columbia, Washington, DC, for Defendants.

### MEMORANDUM OPINION AND ORDER

LEON, District Judge.

Before the Court is the government's motion for summary judgment and dismissal. This *pro se* action concerns a request made by the plaintiff, Lincoln Douglas Jeanes, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for documents in the possession of the Federal Bureau of Prisons ("BOP"). The defendants, BOP, the U.S. Department of Justice ("DOJ"), Katherine A. Day, a BOP FOIA/Privacy Act officer, and Michael D. Hood, Regional Counsel

for the BOP South Central Region ("the government"), move for summary judgment on the grounds that the plaintiff has failed to exhaust administrative remedies under FOIA. For the following reasons, the Court GRANTS the government's motion for summary judgment.

### Factual Background

The claims in this case relate to a FOIA request sent to the BOP by the plaintiff, Lincoln Douglas Jeanes ("Jeanes"), while he was incarcerated in federal prison in Leavenworth, Kansas. First. Amend. Compl. ¶ 3. The twenty-eight page request, seeking documents regarding "incidents and staff and administrative practices at the United States Penitentiary in Beaumont, Texas" and "BOP-wide policies and statistics," was sent to the BOP on January 22, 2001. *Id.* at ¶ 10; *see also* Attachment to Amend. Compl. Jeanes indicated in his request that he would be willing to pay reasonable costs associated with the search, but asked to be notified if the cost would exceed $300. Amend. Compl. ¶ 16. The request was received and assigned a tracking number, No. 2001–3006, on February 1, 2001. Pl. Opp., Ex. A. In a February 28, 2001 letter, the BOP South Central Regional Office informed Jeanes that due to the voluminous documents that would need to be reviewed in response to the request, the agency would extend the time for processing by ten working days, pursuant to 28 C.F.R. § 16.5(c). Pl. Opp., Ex. B.

Jeanes filed the current action on April 20, 2001, alleging that the statutory period for the agency to process his request had run and asking this Court to order the agency to release responsive records. On April 27, 2001, the BOP South Central Regional Office sent Jeanes another letter regarding his request, indicating that the estimated search time for responsive documents would be twenty hours. Pl. Opp., Ex. C. The letter also stated that Jeanes would need to make an advance payment of $560.00, pursuant to agency regulations governing fees assessed for FOIA searches, 28 C.F.R. § 16.11(i)(2), before any processing of his request could begin. Pl. Opp., Ex. C. In the alternative, Jeanes could narrow the scope of his request to meet his needs at a lower cost. *Id.* The letter states that until payment is made, "this request will not be considered as received and no further action will be taken." *Id.*

Jeanes subsequently requested a waiver of the estimated fees, which was denied on June 20, 2001 by the agency, on the grounds that his request did not meet the criteria for a waiver, *i.e.*, did not appear likely to contribute significantly to the public understanding of the operations or activities of the government. Pl. Opp., Ex. D. Jeanes did not appeal this denial of his request for a fee waiver, but did subsequently amend the complaint in this case to request that this Court order the government to waive fees for processing the request. Amend. Compl., Requested Relief ¶ H.

On June 28, 2001, the BOP South Central Regional Office sent a third letter to Jeanes, indicating that because he had failed to pay the assessed fees within thirty days, the request would be closed and no further action would be taken on the request. Pl. Opp., Ex. E. However, the letter advised Jeanes that if he paid the outstanding fees, he should resubmit the request to the BOP FOIA office in Washington, D.C., at which point it would be viewed as a new request. *Id.* Jeanes was also advised that he could administratively appeal the denial of his request for a fee waiver. *Id.*

On October 2, 2001, the government moved for dismissal of this case for lack of subject matter jurisdiction because Jeanes had failed to exhaust his administrative

remedies and had not paid the fees required to process his request. Def. Mot. for Summ. J. 3. Jeanes opposed summary judgment on the grounds that the agency had assessed "grossly inflated fees in a bad faith attempt to bar Plaintiff's access to records under FOIA" and that he had constructively exhausted his administrative remedies because the agency failed to respond to his request within the statutory period. Pl. Opp. 5, 11. In its reply to Jeanes' opposition, the government indicated that even though Jeanes had not paid the fees assessed for the search, it had already conducted some of the necessary searches and had recalculated the search fee to $300, the amount Jeanes had initially agreed to pay for the search. Def. Reply, Ex. 2 (Decl. of Linda Nutt, ¶ 10).

In subsequent filings in this action, Jeanes has alleged that the government's motion for summary judgment is moot because he attempted to pay the $300 by sending a check to government counsel in this case, and then by re-sending the same check to the BOP South Central Regional Office. Pl. Notice regarding Payment of Reduced Fees; Pl. Notice regarding Second Attempt at Payment of Fees. However, Jeanes indicates that the check has never been cashed. For the following reasons, the Court finds that it lacks subject matter jurisdiction over this action and thus GRANTS the government's motion for summary judgment.

### Discussion

■ Summary judgment is appropriate when the pleadings and the record demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment may support its motion by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it

believes demonstrate the absence of a genuine issue of material fact." *See Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R.Civ.P. 56(c)). The court must view the facts in the light most favorable to the non-movant, giving the non-movant the benefit of all justifiable inferences derived from the evidence in the record. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Additionally, *pro se* pleadings should be read more liberally than formal pleadings filed by attorneys, and the court should try to discern a cause of action even if a party's complaint is unartfully pleaded. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

■ In a FOIA case, exhaustion of administrative remedies is a condition precedent to judicial review. *Stebbins v. Nationwide Mutual Insurance*, 757 F.2d 364, 366 (D.C.Cir.1985). Thus, a plaintiff's FOIA claims are subject to dismissal for lack of subject matter jurisdiction if he fails to exhaust administrative remedies. *Dettmann v. U.S. Department of Justice*, 802 F.2d 1472, 1477 (D.C.Cir.1986). Exhaustion of administrative remedies does not occur until the required fees are paid or an appeal is taken from the government's refusal to waive fees. *Oglesby v. U.S. Department of Army*, 920 F.2d 57, 66 (D.C.Cir.1990); *Trueblood v. U.S. Department of the Treasury*, 943 F.Supp. 64, 68–69 (D.D.C.1996).

In support of its motion for summary judgment, the government argues that the Court lacks jurisdiction because Jeanes failed to pay the assessed search fees and also failed to appeal the denial of his request for a fee waiver. Jeanes responds that this Court has subject matter jurisdiction because he constructively exhausted his administrative remedies when the agency did not respond to his request

within the statutory period, and then only notified him of the estimated fees for processing his request after he had already filed suit. Moreover, Jeanes asserts that after the government filed its motion for summary judgment, he attempted to pay the estimated fees, but was unable to do so.

The Court finds that it lacks subject matter jurisdiction over this action because there is no evidence in the record that Jeanes has properly paid the fees assessed by the agency to process his request. As previously noted, exhaustion of administrative remedies does not occur until the required fees are paid or an appeal is taken from the denial of a request for a fee waiver. *Oglesby,* 920 F.2d at 66. A plaintiff has an obligation to pay for the reasonable copying and search fees, "[r]egardless of whether the plaintiff 'filed' suit before or after receiving a request for payment." *Trueblood,* 943 F.Supp. at 68 (citing *Pollack v. Department of Justice,* 49 F.3d 115, 120 (4th Cir.1995)); *Mells v. IRS,* 2001 WL 260061, at \*2 (D.D.C. Jan.23, 2001); *see also* 28 C.F.R. 16.11(i)(4) (Department of Justice regulation stating that if an advance fee is requested, "the request shall not be considered received and further work will not be done on it until the required payment is received"). Although Jeanes alleges that he is now willing to pay the fees, he fails to demonstrate that he has complied with the appropriate procedures to do so, even after the BOP's June 28, 2001 letter gave express instructions regarding how Jeanes could make the payment. Under these circumstances, the Court simply cannot find that the government has "improperly withheld" the documents requested by Jeanes. The Court also lacks subject matter jurisdiction over the denial of Jeanes' request for a fee waiver, as he failed to administratively appeal the denial. Accordingly, the Court grants the government's motion for summary judgment.

### ORDER

For the reasons set forth above, it is this 21st day of July, 2004, hereby

**ORDERED** that the government's motion for summary judgment [# 21] is **GRANTED**; and it is further

**ORDERED** that the above-captioned action is dismissed.