**C. William LENGACHER, Plaintiff,**

v.

**Janet RENO, Attorney General, Defendant.**

**No. Civ.A. 99–1406–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Dec. 17, 1999.

C. William Lengacher, Alexandria, VA, pro se.

Dennis Szybala, U.S. Atty's Office, Alexandria, VA, for Defendant.

## MEMORANDUM OPINION

ELLIS, District Judge.

In this age and disability discrimination case, defendant seeks a partial dismissal on venue grounds, or, in the alternative, a transfer to the United States District Court for the District of Columbia. Because venue is proper as to only one of plaintiff's claims, and because the doctrine of pendent venue is not applicable, the motion to transfer the entire action to the District Court for the District of Columbia must be granted.

### I.

Plaintiff, a sixty-six year old male, was employed as a trial, appellate and supervisory attorney in the United States Department of Justice's ("DOJ") Civil Division in Washington D.C. for twenty-eight years. Prior to 1990, plaintiff worked as a trial and supervisory attorney in the Commercial Litigation Branch ("CLB") of the Civil Division. During 1990 and 1991, plaintiff was detailed to the Criminal Division's Mariel Cuban Review Board. Beginning in December 1991, plaintiff was assigned to the Civil Division's Office of Immigration Litigation ("OIL") as an appellate attorney. On May 3, 1994, plaintiff experienced chest pains and took medical leave. Except for a few days in October 1994, plaintiff never again returned to work. Between May 1994 and June 1995, plaintiff was hospitalized five times with severe angina, for which he underwent coronary artery angioplasty. At the same time, plaintiff was receiving treatment for diabetes and for depression brought on by his health problems. In June 1995, after plaintiff had been absent from work for some thirteen months, DOJ proposed removing plaintiff for "the efficiency of the

1. 29 U.S.C. § 791 *et seq.*

2. 29 U.S.C. § 621 *et seq.*

service." During that same period, while on sick leave, plaintiff was transferred back to the CLB.

Plaintiff claims that while on sick leave, he repeatedly suffered discrimination on the basis of his age and health problems. Specifically, plaintiff alleges that his sick leave applications and medical reports were challenged, and he was suspended for incorrectly reporting his illness. In addition, plaintiff claims that, by reassigning him to the CLB, defendant denied him the reasonable accommodation of working in a less stressful environment, such as the OIL. In July 1995, after his removal had been proposed, plaintiff filed a grievance in which he asserted claims of discrimination with DOJ's Equal Employment Office. At his removal hearing in August 1995, plaintiff reasserted his claims of discriminatory treatment. On August 18, 1995, defendant determined that plaintiff's removal from DOJ was warranted for "the efficiency of the service" and he was removed as of that date. On September 13, 1995, plaintiff applied for his Civil Service retirement, which was approved, and plaintiff began drawing a pension as of September 1, 1995.

After exhausting his administrative remedies, plaintiff filed the instant suit alleging discrimination on the basis of disability and age in violation of the Rehabilitation Act of 1973,[1] and the Age Discrimination in Employment Act ("ADEA").[2] Defendant now moves for a partial dismissal on venue grounds, or, in the alternative, for a transfer to the District Court for the District of Columbia.

### II.

■ Defendant correctly contends that this district is not the proper venue for plaintiff's Rehabilitation Act claim. Venue under the Rehabilitation Act is governed by Title VII's venue provision,[3] which limits the choice of available forums. *See* 42 U.S.C. § 2000e–5(f)(3). Specifically, Title

3. The Rehabilitation Act expressly adopts the "remedies, procedures and rights" available under Title VII. *See* 29 U.S.C. § 794a(a)(1); *Archuleta v. Sullivan,* 725 F.Supp. 602, 604 (D.D.C.1989).

VII provides that venue is proper (i) in any judicial district in the state in which the unlawful employment practice is alleged to have occurred, (ii) in the judicial district in which the employment records relevant to such practice are maintained and administered, or (iii) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e–5(f)(3); *Hayes v. RCA Serv. Co.,* 546 F.Supp. 661, 663 (D.D.C.1982). The Eastern District of Virginia meets none of these criteria and hence, is not a proper venue for plaintiff's Rehabilitation Act claim. Instead, the proper venue for this claim is the District of Columbia, as plaintiff was employed at the DOJ offices in the District of Columbia throughout his career. Further, the relevant employment records are maintained at that same office, and presumably plaintiff would have continued working there but for the alleged unlawful employment practices he now challenges. Given these facts, the *only* proper venue for plaintiff's Rehabilitation Act claim is the District of Columbia.

■ A different result obtains with respect to plaintiff's ADEA claim, which may properly be brought in either this district or the District of Columbia. Venue in an ADEA action is governed by the general venue provision of 28 U.S.C. § 1391(e), which provides, in pertinent part, that a civil action against an officer or employee, or an agency, of the United States may be brought in any judicial district where (i) the defendant in the action resides, (ii) the cause of action arose, or (iii) the plaintiff resides. From this it follows that venue for plaintiff's ADEA claim would be proper in this district because plaintiff apparently resides here.[4] It also follows that venue would be proper in the District of Columbia because defendant, in her official capacity, "resides" at the Department of Justice,[5] in Washington D.C., and because the cause of action arose in Washington D.C., where plaintiff was employed. Because both of plaintiff's claims may be brought in the District of Columbia, but not here, defendant seeks to have plaintiff's Rehabilitation Act claim dismissed without prejudice, or, in the alternative, to have the entire action transferred to the United States District Court for the District of Columbia.

■ Generally, venue must be established for each separate claim in a complaint. *See Lamont v. Haig,* 590 F.2d 1124, 1135 (D.C.Cir.1978). Increasingly, however, courts have been willing to recognize the doctrine of "pendent venue," derived from the concept of pendent jurisdiction,[6] which holds that when two or more claims amount to a single cause of action with two grounds for relief, proper venue as to one claim will support adjudication of both claims. *See Beattie,* 756 F.2d at 100–01; *see also Archuleta,* 725 F.Supp. at 603. Whether to apply pendent venue in any given case is a discretionary decision based on some of the same considerations that support the exercise of pendent jurisdiction, such as "judicial economy, convenience, avoidance of piecemeal litigation, and fairness to the litigants." *Beattie,* 756 F.2d at 103.

Although the Fourth Circuit has not addressed the issue of pendent venue,[7] courts

---

**4.** Plaintiff's complaint does not state plaintiff's residence, but a Post Office Box in Alexandria, Virginia is given as a mailing address.

**5.** "The residence of an official defendant is determined on the basis of the official residence of the federal officer or agency." *Franz v. United States,* 591 F.Supp. 374, 377 (D.D.C.1984).

**6.** *See Beattie v. United States,* 756 F.2d 91, 101 (D.C.Cir.1984) (noting that the "familiar concept" of pendent jurisdiction has "spilled over into the rules of venue"). It is important to note that the application of pendent venue is not limited to cases where pendent jurisdiction has also been applied. *See id.* at 102.

**7.** While two district courts in the Fourth Circuit have addressed the issue of pendent venue, neither of these cases is precisely on point because neither concerned the assertion of pendent venue over one federal claim where venue was proper as to a second federal claim. Instead, both cases dealt with the exercise of pendent venue when venue was

in other circuits have generally taken one of two approaches. *See Garrel v. NYL-Care Health Plans, Inc.,* 1999 WL 459925 at * 5 (S.D.N.Y. June 29, 1999) (explaining the two approaches). First, some courts have held that when one claim is subject to a specific venue provision, and the other is not, the more specific venue provision controls. *See, e.g., Trujillo v. Total Bus. Sys., Inc.,* 704 F.Supp. 1031, 1032 (D.Colo.1989) (holding that venue for a case with Title VII and § 1981 claims must be brought where venue lies under Title VII). Other courts, following the lead of the District Court for the District of Columbia, determine which of the two or more claims in the complaint is the "primary" claim, and apply the venue statute applicable to that claim to all the claims. *See, e.g., Hayes,* 546 F.Supp. at 664.

■ The exercise of pendent venue in the instant case is inappropriate under either established approach. Under the first approach, pendent venue is not appropriate because the Rehabilitation Act's venue provision is more specific than the ADEA's, and under that more specific venue provision, venue is proper only in the District of Columbia. Pendent venue is equally inappropriate under the second approach because plaintiff's "primary" claim, to the extent one exists, is the Rehabilitation Act claim, not the ADEA claim. Plaintiff's discrimination allegations are based primarily on the difficulties he allegedly encountered in securing sick leave and on DOJ's alleged unwillingness to make reasonable accommodation for plaintiff's need for a less stressful working environment. These allegations, if true, may support a claim under the Rehabilitation Act. Under the second approach, then, pendent venue would be applicable only if, as is not the case, venue was proper for the Rehabilitation Act claim in this district.

Thus, the exercise of pendent venue over plaintiff's Rehabilitation Act claim is not warranted under either approach. *See Archuleta,* 725 F.Supp. at 606 (holding that proper venue under the ADEA would not support venue for a Title VII claim); *Schmidt v. Delta Airlines,* 1999 WL 179469 at * 2 (E.D.La. March 31, 1999) (holding that pendent venue was not appropriate where venue was proper as to plaintiff's ADEA and ERISA claims but not his ADA claim).

■ As venue would be proper in the District Court for the District of Columbia as to both plaintiff's Rehabilitation Act and ADEA claims, the most efficient and sensible result is not a non-prejudicial dismissal of one claim, but rather transfer of the entire case to the District of Columbia. When venue is found to be improper in an action, the procedural remedy is to dismiss the action, or "if it be in the interest of justice, [to] transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision whether to transfer a case is committed to the sound discretion of the trial court. *See Hayes,* 546 F.Supp. at 665. In cases involving Title VII and ADEA claims where venue is properly laid for one claim, but not the other, "courts have consistently transferred the entire action to the district where venue is proper for both claims." *Kravitz v. Institute for Intern. Research,* 1993 WL 453457 at * 3; *see also O'Connor v. Pan Am,* 1990 WL 118286 at * 3 (S.D.N.Y. May 4, 1990) ("it is most efficient and sensible for O'Connor's Title VII and ADEA claims to be heard in the same proceeding and in a district in which venue would be proper for both claims"). As the Rehabilitation Act is governed by Title VII's venue provision, this reasoning applies equally to the instant case. Thus,

proper as to a *state* law claim. *See Sadighi v. Daghighfekr,* 36 F.Supp.2d 267, 277 (D.S.C. 1999); *C.H. James & Co., Inc. v. Federal Food Marketers Co., et al.,* 927 F.Supp. 187, 189–190 (S.D.W.Va.1996). In *Sadighi,* the court declined to exercise pendent venue over the principal, federal law claim where venue was

proper only as to the state law claims. *See* 36 F.Supp.2d at 278. In *C.H. James,* the court, in a diversity case, exercised pendent venue over plaintiff's forgery and outrage claims because they arose from the same nucleus of operative fact as did the claims for which venue was proper. *See* 927 F.Supp. at 190.

as pendent venue would not be appropriate, and venue is proper as to both claims in the District Court for the District of Columbia, the most sensible and just result would be to transfer the entire matter to that court pursuant to 28 U.S.C. § 1406(a).

### III.

In conclusion, defendant's motion to transfer the instant case to the United States District Court for the District of Columbia is granted.

An appropriate order will enter.