Randall J. SCHULTZ, R.Ph., Plaintiff,

v.

Kenneth Dwane ARY, an individual, and Roche Laboratories, Inc., a Delaware corporation, Defendants.

No. 1:01CV385.

United States District Court,
W.D. Michigan,
Southern Division.

Nov. 15, 2001.

David A. Kotwicki, Bergstrom & Kotwicki, PLC, Traverse City, MI, for plaintiff.

Richard P. Smith, Blake, Kirchner, Symonds, MacFarlane, Detroit, MI, Charles S. Mishkind, Miller, Canfield, Paddock & Stone, PLC, Grand Rapids, MI, for defendants.

*OPINION AND ORDER ON DEFENDANT KENNETH ARY'S MOTION FOR DISMISSAL FOR LACK OF PERSONAL JURISDICTION*

MILES, Senior District Judge.

Plaintiff Randall J. Schultz filed this action against Roche Laboratories, Inc. ("Roche") and Kenneth Dwane Ary on June 19, 2001. Plaintiff alleges that Roche terminated him from his position as a pharmaceutical sales representative with the company after Ary, who is African–American, falsely reported to Roche management that plaintiff had directed a racial slur against Ary during a game of pool at a hotel bar in New Jersey. The matter is

currently before the court on Ary's Motion for Dismissal for Lack of Personal Jurisdiction (docket no. 10). Neither plaintiff nor Roche has filed a written response to the motion.

## I

Plaintiff is a resident of Traverse City, Michigan. Roche is a Delaware corporation having its principal place of business in New Jersey. Plaintiff alleges that on or about January 3, 2000, he was hired by Roche to serve as a pharmaceutical sales representative for the company's Michigan district.

As part of his employment with Roche, plaintiff was required to attend two two-week training sessions in Secaucus, New Jersey. On or about May 23, 2000, plaintiff was present in Secaucus for the purpose of attending one such training session. Ary, who is a resident of Houston, Texas, was also present in Secaucus. After working hours, plaintiff was playing pool in a hotel bar with Ary and other persons. During the game, according to plaintiff, he commented that his pool-playing opponents were playing "niggard pool." Plaintiff alleges that by using the term "niggard," he intended to refer to what he felt to be "stingy" game tactics. Plaintiff alleges that Ary, however, who is African–American, "mistook" the comment as a racial slur. Plaintiff alleges that upon realizing that Ary was offended, he immediately apologized to Ary and explained that he "meant no offense."

Plaintiff claims that despite his apology, approximately one week later Ary complained to Roche management that plaintiff had made "an inappropriate racial remark" directly to Ary during the after-hours get-together. After conducting an investigation of Ary's report, Roche terminated plaintiff. Plaintiff alleges that although the company failed to give any specific reason for his termination, it was "abundantly clear" to him that the alleged racial slur and the outcome of the investigation were the reasons. Plaintiff also alleges that since his termination, Ary "has continued to spread allegations among Plaintiff's former coworkers that Plaintiff made racial slurs, further damaging his reputation."

## II

In his initial complaint filed in this action, plaintiff asserted a claim against Roche alleging reverse discrimination and disparate treatment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and a state law claim of self-defamation (Count II). Plaintiff's initial four-count complaint also asserted state law claims against Ary for defamation and tortious interference with an advantageous business relationship. After Roche filed its answer to the complaint, plaintiff submitted a proposed amended complaint, which added an additional state law claim against Roche for violation of Michigan's Elliott–Larsen Civil Rights Act, M.C.L. § 37.2121 *et seq.* Although the court rejected the proposed amended complaint pursuant to Fed.R.Civ.P. 15(a) because plaintiff had failed to request leave to file, the court subsequently permitted the amended pleading to be filed after all parties so stipulated.

In the meantime, Ary filed his current motion seeking dismissal for lack of personal jurisdiction. Although plaintiff and Ary filed a stipulation to extend the deadline for plaintiff to answer Ary's motion, and the court issued an order approving the extension of the response deadline to September 28, 2001, plaintiff has not to date filed a written response to the motion, nor has Roche taken a position in writing on the motion.

### III

Ary brings his motion pursuant to Fed. R.Civ.P. 12(b)(2), which addresses the defense of lack of jurisdiction over the person.

"Where personal jurisdiction is challenged in a Rule 12(b) motion, the plaintiff has the burden of establishing that jurisdiction exists." *American Greetings Corp. v. Cohn,* 839 F.2d 1164, 1168 (6th Cir.1988). Here, the only matters before the court in consideration of Ary's motion are the pleadings of plaintiff and Roche, Ary's motion and supporting brief, and an affidavit submitted by Ary in support of his motion. Upon consideration of such written materials, and in the absence of an evidentiary hearing, plaintiff's burden of establishing personal jurisdiction is "relatively slight," and the court is required to consider the written materials in the light most favorable to him. *Id.* at 1169. However, "in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir.1991). Although a district court faced with a motion to dismiss for lack of personal jurisdiction may permit the plaintiff further discovery to investigate jurisdictional facts, *id.* at 1465, here plaintiff has failed to respond to the motion and has therefore made no such request. Under the circumstances, the court concludes that the motion is ripe for decision on the current record.

### IV

In his motion, Ary argues that the court lacks personal jurisdiction over him because he lacks sufficient contacts with the state of Michigan. Ary's uncontroverted affidavit, which is consistent with plaintiff's pleadings to the extent that Ary states that he resides in Houston, Texas, also states that Ary has never been a resident of Michigan; that he does not own any real or personal property in the state of Michigan; that he has never conducted business in the state of Michigan; and that he has never even entered the state. Although it is noted that Ary's affidavit is unsigned, it is accompanied by an affidavit of his counsel, who states that he believes the factual matters contained in his client's affidavit are true. The court also observes that plaintiff's pleadings contain no allegations of contacts between Ary and the state of Michigan.

Presumably, subject matter jurisdiction over plaintiff's Title VII claim against Roche is based on federal question jurisdiction, while jurisdiction over plaintiff's state law claims against both defendants is based on diversity.[1] "A federal district court sitting in diversity must apply the law of the forum state to determine whether it may exercise jurisdiction over the person of the non-resident defendant." *Theunissen,* 935 F.2d at 1459 (citations omitted). However, the court may begin "by examining the relevant Due Process considerations, recognizing that a defect of this type would foreclose the exercise of personal jurisdiction even where a properly construed provision of the [relevant state] long-arm statute would otherwise permit it." *Id.* In examining the Due Process considerations, "[t]he relevant inquiry is whether the fact of the case demonstrate that the non-resident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The Supreme Court has stated that a fundamental test in personal

---

1. Plaintiff's amended complaint alleges that the amount in controversy exceeds $ 75,000.

jurisdiction is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

■■■ In analyzing personal jurisdiction, courts distinguish between "general" jurisdiction and "specific" jurisdiction. *See Reynolds v. International Amateur Athletic Federation,* 23 F.3d 1110, 1116 (6th Cir.), *cert. denied,* 513 U.S. 962, 115 S.Ct. 423, 130 L.Ed.2d 338 (1994). Because plaintiff has not responded to Ary's motion and has therefore made no attempt to point to facts suggesting a prima facie case of general jurisdiction, the court will analyze this as a case of specific jurisdiction. The Sixth Circuit has established a three-part test for determining whether specific jurisdiction may be exercised:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*Id.* (citations omitted).

Here, plaintiff does not allege any acts by Ary in Michigan. Viewing plaintiff's allegations in the light most favorable to him, the best that can be said is that he is complaining that Ary made statements which caused plaintiff to be damaged in the state of Michigan. However, even assuming that Ary could foresee that his statements would cause plaintiff damage in the state of Michigan, Ary would not be subject to jurisdiction within the state. Although plaintiff himself has alleged that Ary has both complained to Roche and spread allegations among plaintiff's former coworkers that plaintiff made racial slurs, Ary's comments could only have pertained to plaintiff's own activities in the state of New Jersey. Assuming that Ary knew that plaintiff resided or worked in Michigan (a fact which has not been alleged), the fact that he would foresee that his statements about plaintiff would be disseminated here is not, in itself, enough to create personal jurisdiction. *See Reynolds,* 23 F.3d at 1120 (defendant, an unincorporated association based in London, England, was not amenable to suit in Ohio even though plaintiff alleged that defendant issued statements defaming him and interfering with his Ohio business relationships); *Madara v. Hall,* 916 F.2d 1510, 1519 (11th Cir.1990) (defendant's mere awareness, if he was indeed aware, that a small number of copies of magazine might find their way to Florida was not sufficient to justify the exercise of jurisdiction over defendant in libel action based on comments made via telephone from New York to magazine located in California).

A leading Supreme Court case on personal jurisdiction in the libel context, *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), does not require a different conclusion. In *Calder,* the defendants, both Florida residents, were a reporter and the president and editor of a periodical which had its largest circulation in California, the plaintiff's home state. In addition,

> The allegedly libelous story concerned the California activities of a California resident. It impugned the professionalism of an entertainer whose television career was centered in California. The article was drawn from California sources, and the brunt of the harm, in terms both of [the plaintiff's] emotional distress and the injury to her professional reputation, was suffered in California.

465 U.S. at 788–89, 104 S.Ct. 1482. In sum, the Court concluded, because California was "the focal point both of the story and of the harm suffered[,]" jurisdiction over the defendants was proper in California based on the effects of their Florida conduct in California. *Id.* at 789, 104 S.Ct. 1482.

Here, in contrast with *Calder,* Ary's statements concerned plaintiff's activities at a hotel bar in New Jersey, and no allegations have been made that Ary made defamatory remarks to persons in the state of Michigan. *See Bailey v. Turbine Design, Inc.,* 86 F.Supp.2d 790, 796–97 (W.D.Tenn.2000) (allegations that Florida defendants defamed plaintiff on website did not support exercise of personal jurisdiction over defendants in Tennessee, where plaintiff·was not attacked as Tennessee businessman and alleged defamatory comments had nothing to do with plaintiff's state of residence). As one court has observed, "[w]e do not believe that the Supreme Court, in *Calder,* was saying that any plaintiff may hale any defendant into court in the plaintiff's home state, where the defendant has no contacts, merely by asserting that the defendant has committed an intentional tort against the plaintiff." *Wallace v. Herron,* 778 F.2d 391, 394 (7th Cir.1985), *cert. denied,* 475 U.S. 1122, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986). Under the circumstances, the court concludes that Due Process considerations prevent the court from exercising personal jurisdiction in Michigan over the Texas defendant.

## V

It is noted that at this point, neither defendant has issued a challenge to venue. Ary has thus far only raised an objection to personal jurisdiction, and, having filed an answer without raising the defense of improper venue, Roche must be deemed to have waived any objection to venue. Fed. R.Civ.P. 12(g). However, in the court's

view, the failure of the defendants to raise a challenge to the venue of this action does not prevent the court from addressing the issue *sua sponte,* particularly where a defendant has sought dismissal for lack of personal jurisdiction. *See Schiller v. Mit-Clip Co., Inc.,* 180 F.2d 654 (2d Cir.1950) (dismissing appeal from *sua sponte* order of transfer based on improper venue); *see also Sadighi v. Daghighfekr,* 36 F.Supp.2d 267, 278 (D.S.C.1999) ("Even though the Defendants have not raised the issue of transfer of venue, this court can raise the issue sua sponte").

▇▇ Plaintiff's pleadings include the statement that "[v]enue is proper in the Western District of Michigan because Defendant [Roche] conducts substantial business in the state of Michigan." However, plaintiff's pleadings make no averments regarding why venue is proper as to Ary. Ordinarily, an individual basis for venue must exist for each separate cause of action set out in a complaint. *See Lengacher v. Reno,* 75 F.Supp.2d 515, 518 (E.D.Va. 1999) ("Generally, venue must be established for each separate claim in a complaint"); *General Bedding Corp. v. Echevarria,* 714 F.Supp. 1142, 1144 (D.Kan. 1989) ("when multiple claims are plead, venue must be proper for each claim"). While some courts have recognized the concept of "pendent venue," *see Sadighi,* 36 F.Supp.2d at 277, that concept does not appear to have been applied where differing claims are asserted against multiple defendants.

▇▇ Plaintiff has asserted a Title VII claim against Roche. Venue of such claims is governed by 42 U.S.C. § 2000e–5(f)(3), which provides that an action may be brought

in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment

records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice....

Under this statute, venue for the federal claim against Roche would be proper in Michigan, where plaintiff would have worked and where he was terminated. Under this statute, venue for the Title VII claim against Roche would also be proper wherever the company maintains plaintiff's employment records, whether that be Michigan, New Jersey, or some other location.

As for plaintiff's state law claims against Roche, venue is governed by 28 U.S.C. § 1391(b), which provides as follows:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

For purposes of venue under 28 U.S.C. § 1391, a corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c).

Because Ary does not reside in Michigan, subsection (1) of 1391(b) does not make Michigan a proper venue for this action. Instead, if one looks to subsection (1), venue would most likely be proper in the Southern District of Texas, where Ary resides—assuming that Roche is subject to personal jurisdiction there. In addition, because subsection (3) only applies "if there is no district in which the action may otherwise be brought," the court must next look to subsection (2) of § 1391(b) in order to determine proper venue. Under that subsection, in order for venue to be proper in this district, "a substantial part of the events or omissions giving rise to the claim" must have occurred here. While it could possibly be argued that "a substantial part of the events" giving rise to the claim against Roche occurred in Michigan, the same cannot be said for the claim against Ary; no allegation has been made that he did anything within the state. Instead, given the current state of plaintiff's allegations, it would appear that New Jersey, where Ary had contact with plaintiff and where Roche has its principal place of business, is the only proper venue for the non-federal claims against both defendants under § 1391(b)(2).

 At this point, it is clear to the court that it lacks personal jurisdiction over Ary and that venue is not proper as to the claims against him in any event. Under the circumstances, pursuant to 28 U.S.C. § 1406(a), in the absence of a transfer of this action to a district where it could have been brought against Ary, the claims against him are subject to dismissal. Personal jurisdiction over a defendant is not a prerequisite for a district court to utilize the transfer provision of § 1406(a). *Hapaniewski v. City of Chicago Heights,* 883 F.2d 576, 579 (7th Cir.1989), *cert. denied,* 493 U.S. 1071, 110 S.Ct. 1116, 107 L.Ed.2d 1023 (1990).

Should the court dismiss plaintiff's claims against Ary for lack of personal jurisdiction, it is apparent that plaintiff would be free to simply re-file his claims against Ary in another court. Were that to happen, two different cases would be proceeding in two different courts involv-

ing what are essentially the same factual events. The court would not view this as an efficient use of resources, either the court's or the parties'. Therefore, the court is inclined to invoke its authority under § 1406(a) and under § 1404(a) to transfer the entire action to a district where it could have been brought. *See Lengacher*, 75 F.Supp.2d at 519 (where venue would be proper elsewhere, "the most efficient and sensible result is not a non-prejudicial dismissal of one claim, but rather transfer of the entire case" to another district); *Sadighi*, 36 F.Supp.2d at 278; *see also Miller v. Asensio*, 101 F.Supp.2d 395, 409 (D.S.C.2000) (although district court had jurisdiction over all defendants, where venue was proper as to corporate defendants but not individual defendant, court had discretion under § 1406(a) and § 1404(a) to transfer entire case to appropriate district); *Jennings v. University of North Carolina*, No. 98 C 5261, 1999 WL 301669, at *2 (N.D.Ill. Apr.30, 1999) (denying defendants' motion to dismiss for lack of personal jurisdiction and granting motion to transfer pursuant to § 1406(a)).

The court finds that it would be appropriate to have the input of all parties on the issue of an appropriate location for transfer. *See Sadighi*, 36 F.Supp.2d at 278; *Miller*, 101 F.Supp.2d at 409. This is particularly so where, as here, the court has raised the issue of transfer *sua sponte. Chatman–Bey v. Thornburgh*, 864 F.2d 804, 814 (D.C.Cir.1988). The court strongly advises the parties to confer with one another with a view toward reaching an agreement on a proper district for transfer. If the parties are, however, unable to reach such an agreement, the court invites each party to brief the issue of whether the court should transfer the entire case to either the District of New Jersey or the Southern District of Texas. All parties, but plaintiff and Roche in particular, are hereby notified that the failure to suggest an appropriate venue for transfer shall be deemed a waiver of the right to object to a dismissal of this action without prejudice as to defendant Ary. *See Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586, 588 (9th Cir.1991) (district court did not abuse it discretion by dismissing action without prejudice rather than transferring it *sua sponte*, where plaintiff did not ask court to transfer and responded to show cause order by indicating where suit would not be brought), *cert. denied*, 505 U.S. 1225, 112 S.Ct. 3044, 120 L.Ed.2d 911 (1992).

## CONCLUSION

To repeat, the court strongly advises the parties to confer with one another with a view toward reaching an agreement on a proper district for transfer. If the parties are, however, unable to reach such an agreement, the court invites each party to brief the issue of whether the court should transfer the entire case to either the District of New Jersey or the Southern District of Texas. **The parties shall file any stipulation regarding transfer, or, alternatively, any memoranda regarding same, within twenty (20) days of the date of this Opinion.**

The court has concluded that it lacks personal jurisdiction over Ary. Nonetheless, the court will not decide defendant Ary's motion to dismiss until after it has received the parties' submissions (if any) on the issue of transfer. However, plaintiff and Roche are hereby notified that they shall not view the court's invitation to brief the issue of venue as an opportunity to revisit the issue of personal jurisdiction over Ary in this district; the time for addressing that issue has now passed, those parties having effectively waived their right to respond to Ary's motion.