**Gwendolyn Josephine BENTON**

v.

**Gordon R. ENGLAND**

**No. CIV.A. DKC2002–1564.**

United States District Court,
D. Maryland.

Sept. 17, 2002.

Kristine L. Sendek Smith, Office of the United States Attorney, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this employment discrimination case is the Motion of Defendant Gordon R. England, Secretary of the United States Department of the Navy, to Dismiss or, in the Alternative, for Transfer to the United States District Court for the District of Columbia. The parties have had full opportunity to brief the issues and no hearing is deemed necessary. Local Rule 105.6. For the reasons that follow, the court will transfer this case to the United States District Court for the District of Columbia and expresses no opinion on any other issues presented.

### I. Background

On April 30, 2002, Plaintiff Gwendolyn J. Benton, a resident of Temple Hills in Prince George's County, Maryland, filed a pro se employment discrimination action against Defendant Gordon R. England, Secretary of the United States Department of the Navy. Plaintiff had been employed by the Naval Research Laboratory (NRL) and brought her employment discrimination claims pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e, et seq.; Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. §§ 621, et seq.; and Americans with Disabilities Act of 1990(ADA), as amended, 42 U.S.C. §§ 12101, et seq.[1] Plaintiff complains that she was discriminated against on the basis of her race, age, and disability. In her

Gwendolyn Joephine Benton, Temple Hills, MD, Pro se.

---

1. In his motion to dismiss or to transfer, Defendant identifies the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, et. seq., as the third statutory basis for Plaintiff's claims. However, Plaintiff's actual complaint indicates that the third statutory basis for her claims is the Americans with Disabilities Act and not the Rehabilitation Act.

complaint, Plaintiff alleges the following facts. Plaintiff claims that she began working for the Naval Research Laboratory (NRL) in January 1996. She received disciplinary letters on several occasions and eventually, with the help of an attorney after two formal filings with the Equal Employment Opportunity Commission (EEOC), negotiated a transfer to the Cost Accounting office of the NRL. Plaintiff claims that Mike Miller, her supervisor in the Cost Accounting office, knowing that she had been transferred there pursuant to an EEO settlement agreement, instructed Jackie Roy, another supervisor, to place Plaintiff on a Performance Improvement Plan (PIP). Roy neglected to supervise adequately Plaintiff's work and Plaintiff received a call from the personnel office informing her that Roy wanted to fire her. Plaintiff claims that she was "forced to resign [her] position" on November 8, 1996. Plaintiff seeks back pay, $250,000.00 in monetary damages, costs and attorneys fees, and unspecified punitive damages for the damage to her credit rating and the loss of her apartment that resulted from her unemployment.

On May 8, 2002, Plaintiff was granted In Forma Pauperis status. On May 15, 2002 Plaintiff filed a motion for the appointment of counsel which was denied on May 22, 2002. On August 7, 2002, Defendant filed a Motion to Dismiss on the basis of Fed. R.Civ.P. 12(b) or, in the Alternative, for Transfer to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1406(a). The clerk notified Plaintiff of the pendency of the motion and her opportunity to respond. Nevertheless, she did not file a response timely.

## II. Defendant's Motion

Defendant seeks the dismissal of Plaintiff's claims under either Fed.R.Civ.P. 12(b)(6) for failure to state a claim or Rule 12(b)(1) for lack of subject matter jurisdiction. Alternatively, Defendant seeks transfer of this case on the basis of improper venue to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1406(a). Before delving into the more substantive examinations regarding the success of Plaintiff's attempt to state a claim or the exhaustion of Plaintiff's administrative remedies,[2] it makes sense to determine first whether Plaintiff's case is even properly before this court.

Defendant asserts that Plaintiff has not established proper venue in Maryland. The rules governing venue for Title VII actions are found at 42 U.S.C. § 2000e–5(f)(3) and provide that such actions may be brought: (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. These are the same rules that govern venue for actions brought under the ADA. *See* 42 U.S.C. § 12117(a). In the event that a claim is filed laying venue in the wrong district, § 1406(a) of Title 28 of the United States Code directs the court to dismiss or, if the court deems it to be in the interest of justice, to transfer the case to any district or division in which it could have been brought.

## III. Venue

█ Plaintiff brings claims against her former employer NRL. NRL is located at

---

**2.** Because this case will be transferred, the court expresses no opinion as to the merits of

Defendant's other arguments.

4555 Overlook Ave., S.W. in Washington, D.C. Washington, D.C. is therefore also where Plaintiff would have worked but for the alleged employment discrimination. Defendant asserts that the relevant records are also located in Washington, D.C. Plaintiff has not claimed otherwise nor has she opposed this assertion. In fact, the only connection between the District of Maryland and this case seems to be the fact that Plaintiff resides in Maryland. However, plaintiff's place of residence is not one of the three options for venue provided for by 42 U.S.C. § 2000e–5(f)(3). Maryland is therefore not an appropriate venue for the claims that Plaintiff has brought under Title VII and the ADA.

Plaintiff also brings claims pursuant to the ADEA. The ADEA does not subscribe to the Title VII venue provision as the ADA does. Venue for ADEA actions is governed by the general venue provision of § 1391 of Title 28 of the United States Code. See ADEA, 29 U.S.C. § 626(c). In particular, venue for ADEA actions brought against an officer, employee, or agency of the United States is governed by § 1391(e). Section 1391(e)(iii) provides that such an ADEA action may be brought where the plaintiff resides. Because Plaintiff resides in Maryland, Plaintiff has established proper venue with respect to this action as it is brought under the ADEA. However, it is important to note that § 1391(e) also allows actions to be brought (i) where the defendant resides or (ii) where the cause of action arose—both of which in this case would be Washington, D.C. While venue in the District of Maryland is proper only as to Plaintiff's ADEA claim, venue would be proper for all of Plaintiff's claims in the District of Columbia.

The district court in *Lengacher v. Reno,* 75 F.Supp.2d 515 (E.D.Va.1999), faced exactly the same situation. There, a plaintiff had brought employment discrimination claims under both the ADEA and the Rehabilitation Act[3] against Attorney General Janet Reno in the Eastern District of Virginia. After determining that venue was proper for only one of the two claims in Virginia while venue would be proper for both claims in the District of Columbia, Judge Ellis carefully explored the status of "pendent venue" in the Fourth Circuit, noting that the Fourth Circuit had not addressed the issue, and the approaches taken by other circuits regarding this issue. Drawing on guidance from the District of Columbia and Second Circuits addressing the specific issue of mismatched venue involving Title VII and ADEA claims, Judge Ellis concluded, as this court does now, that "the most efficient and sensible result is not a non-prejudicial dismissal of one claim, but rather transfer of the entire case to the District of Columbia." *Lengacher,* 75 F.Supp.2d at 519.

## IV. Disposition

■ Because Plaintiff has brought the Title VII and ADA claims incorrectly in Maryland, it is within the discretion of this court, pursuant to 28 U.S.C. § 1406(a), either to dismiss the claims or to transfer them if it would be in the interest of justice to do so. Plaintiff asked the EEOC to reconsider the decision it had rendered in *GWENDOLYN BENTON v. DEPARTMENT OF THE NAVY,* EEOC Appeal No. 01A02510, 2001 WL 402480 (April 13, 2001). The EEOC ultimately decided to deny that request. *See* Paper 1 Attachment. Pursuant to EEOC Regulations, Plaintiff had 90 days from the date she

---

**3.** Venue for claims brought under the Rehabilitation Act is also governed by the Title VII venue provision, 42 U.S.C. § 2000e(5)(f)(3).

received the EEOC's denial of her request to file a civil action. 29 C.F.R. § 1614.407. The EEOC letter was mailed to Plaintiff on January 9, 2002. However, Plaintiff claimed that she never received the original letter and requested a second copy of the letter which was sent on February 25, 2002 and which Plaintiff presumably received shortly thereafter. Plaintiff has attached this copy of the original letter to her complaint. Plaintiff filed her complaint in this court on April 30, 2002, within the 90 day time limit counting from February 25, 2002. However, if this court were to dismiss Plaintiff's claims now, Plaintiff would be unable to re-file them in the court of proper venue as more than 90 days have passed since February 25, 2002. In *Goldlawr v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), the Supreme Court observed that:

> [i]f by reason of the uncertainties of proper venue a mistake is made [in the filing of an action], Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by ... 'time-consuming and justice-defeating technicalities.'

*Id.*, at 467, 82 S.Ct. 913. It would be, therefore, in the interest of justice to transfer Plaintiff's claims, as brought under Title VII and the ADA, to the United States District Court for the District of Columbia.

Plaintiff's ADEA claim will be transferred along with the Title VII and ADA claims.

## V. Conclusion

For the foregoing reasons, Plaintiff's employment discrimination claims brought under Title VII, the ADA, and the ADEA will be transferred to the United States District Court for the District of Columbia

pursuant to 28 U.S.C. § 1406(a). A separate order will be entered.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this ____ day of September, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion of Defendant Gordon R. England, Secretary of the United States Department of the Navy, to dismiss based on improper venue BE, and the same hereby IS, DENIED and not resolved otherwise;

2. The motion of Defendant to transfer this case to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1406(a) BE, and the same hereby IS, GRANTED;

3. The employment discrimination claims of Plaintiff brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.; Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq.; and Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq., against Defendant Gordon R. England BE, and the same hereby ARE, TRANSFERRED to the United States District Court for the District of Columbia; and

4. The clerk will take all necessary steps to effectuate the transfer promptly and transmit copies of the Memorandum Opinion and this Order to Plaintiff and counsel for Defendant and close this case.