**Randy L. DIXON, Plaintiff**

v.

**R.L. BROWNLEE, Acting Secretary, United States Department of the Army, Defendant**

No. CIV. 02–2279(HL).

United States District Court, D. Puerto Rico.

March 31, 2004.

Randy L. Dixon, Morovis, PR, pro se.

German A. Rieckehoff, Isabel Munoz–Acosta, San Juan, PR, for Defendant.

**OPINION AND ORDER**

LAFFITTE, Chief Judge.

Randy L. Dixon, *pro se*, brings this suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, alleging that the United States Department of the Army ("the Army") discriminated against him on the basis of his national origin. Specifically, he challenges the Army's decision to terminate his employment. Before the Court is Defendant's motion to transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1406(a) or, alternatively, to dismiss the action for lack of subject matter jurisdiction. (Dkt. 21). Dixon objects to the transfer and/or dismissal of this case. For the following reasons, the Court grants Defendant's motion to transfer venue to the United States District Court for the Northern District of California.

**I BACKGROUND**

Plaintiff Randy L. Dixon ("Dixon") is a former Park Ranger with the U.S. Army Corps of Engineers. He worked for the Army as a Park Ranger in San Francisco California until the Army fired him on May 9, 2001 for "making malicious, disrespectful, insolent, abusive, and offensive comments toward government officials within his supervisory chain." (See Dkt. 21). Dixon's Amended Complaint (Dkt. 10) includes allegations of government corruption, death threats, discrimination on the basis of his Hispanic national origin, and retaliation for engaging in protected activity. Plaintiff seeks a total of $4 Trillion dollars in damages. Reading Dixon's Complaint with the liberal eye to which *pro se* litigants are entitled, reveals that his allegations mainly involve Title VII.

## II  DISCUSSION

Defendant moves to transfer venue to the Northern District of California on the ground that venue is improper in the District of Puerto Rico under 28 U.S.C. § 1406(a). This section states, in pertinent part, that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Venue in Title VII cases is governed exclusively by the statutory venue provision in Title VII which states as follows:

> [A]n action may be brought in [1] any judicial district in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or in [3] the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. 42 U.S.C. § 2000e–5(f)(3).

Since Plaintiff has brought this action under Title VII he must comply with at least one of the applicable venue provisions under the statute. Defendant maintains that Plaintiff cannot satisfy any of the four applicable venue options provided for under Title VII.

First, the alleged wrongdoing occurred in the Northern District of California. Dixon makes accusations against his superiors at the San Francisco District and the South Pacific Division of the U.S. Army Corps of Engineers, both of which are in northern California. Moreover, his allegations relate to events that occurred while he was a Park Ranger in San Francisco, California, which is in the Northern District of California. Steven Leonard, the Park Manager at Lake Mendocino, California, initiated Dixon's removal, and Major Donald E. Johantges, the San Francisco District Deputy Commander, removed Dixon from federal service.[1]

Second, the relevant employment records are maintained and administered in northern California. The Human Resources office in the San Francisco District headquarters and the Civil Personnel Advisory Center (CPAC) in Sacramento, California, maintain employment records relating to Dixon.[2] Although Dixon's Official Personnel File (OPF) is maintained at the National Personnel Records Center in Saint Louis, Missouri, the Human Resources office in San Francisco and the CPAC in Sacramento actually processed the employment actions affecting Dixon.[3]

Finally, it is in northern California where Dixon would have continued working but for the alleged unlawful employment practice. Plaintiff would have continued working as a Park Ranger in Lake Medocino, in the Northern District of California. Plaintiff has not claimed otherwise nor has he opposed this assertion. In short, Plaintiff has failed to satisfy any of the venue provisions available under Title VII. The District of Puerto Rico meets none of these criteria while the Northern District of California meets them all.

The only connection this case has to the District of Puerto Rico is that Dixon currently resides there. However, Plaintiff's place of residence is not one of the three options for venue provided for by

---

1. *See* Docket 21, Defendant's Exhibit 1, Declaration of Paul Janoff.

2. *Id.*

3. *Id.*

**54**

42 U.S.C. § 2000e–5(f)(3). *Benton v. England,* 222 F.Supp.2d 728, 731 (D.Md. 2002). In *Almeida v. Powell,* No. 01–CV–11630, 2002 WL 31834457 (S.D.N.Y. Dec. 16, 2002) the court recognized that venue was proper in the District of Columbia even though the Plaintiff resided in the Southern District of New York. The Court stated that "[b]ecause Title VII's specific venue provisions limit venue to judicial districts that have a connection with the alleged discrimination, plaintiff cannot simply prevail by pointing to the fact that she is a New York resident." de *Almeida,* 2002 WL 31834457 at *2.

Courts have recognized that Title VII's statutory scheme indicates that Congress intended to limit venue in these cases to those jurisdictions concerned with the alleged discrimination. *Darby v. United States DOE,* 231 F.Supp.2d 274, 277 (D.D.C.2002); *Elezovic v. England,* No. CIV.A.03–0131, 2003 WL 22383583 (D.D.C. Oct. 20, 2003). In the present case, the alleged discrimination took place in the Northern District of California, not in Puerto Rico. Because venue does not lie in the District of Puerto Rico under section 2000e–5(f)(3), but does properly lie in the Northern District of California, the Court will transfer this case pursuant to 28 U.S.C. § 1406(a) in the interest of justice. The Clerk shall transfer this case accordingly.

**III  CONCLUSION**

For the foregoing reasons, Defendant's motion is **granted in part and denied in part** (Dkt. 21), and this action is transferred to the Northern District of California pursuant to 28 U.S.C. § 1406(a).

**IT IS SO ORDERED.**