Edwin **ROMAN MARTINEZ**, Plaintiff

v.

John E. **POTTER**, Postmaster General, Defendant.

Civil No. 04–1475 (JAG).

United States District Court, D. Puerto Rico.

Aug. 17, 2005.

Judith Berkan, Berkan & Mendez, San Juan, PR, for Plaintiff.

Edwin Roman–Martinez, Ponce, PR, Pro se.

Katherine Gonzalez–Valentin, United States Attorney's Office, Torre Chardon, San Juan, PR, for Defendant.

**OPINION AND ORDER**

GARCIA–GREGORY, District Judge.

On July 2, 2004, Plaintiff Edwin Roman Martinez ("Plaintiff") filed a discrimination action against his employer, Defendant John E. Potter, Postmaster General of the United States of America, ("Defendant")(Docket No. 1). Plaintiff had been employed by the United States Postal Service ("Postal Service") and alleged that it discriminated against him when it refused to accommodate his request for a transfer from Puerto Rico to middle Florida. Plaintiff brought his employment discrimination claim pursuant to the Rehabilitation Act, 29 U.S.C. §§ 791 and 794, seeking monetary damages in excess of $500,000 as well as injunctive relief to redress the discriminatory action allegedly taken by the Postal Service.[1] The Amended Complaint was filed on January 20, 2005, alleging only the claims under the Rehabilitation Act (Docket No. 15).

On December 12, 2004, Defendant filed a Motion to Dismiss for Improper Venue pursuant to Fed.R.Civ.P. 12(b)(3) or in the alternative, requested that the case be transferred on the basis of improper venue to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §§ 1404(a) and 1406(b) (Docket No. 12). Defendant asserts that dismissal or transfer is proper because Plaintiff's Rehabilitation Act claim is governed by the revenue provisions of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–5(f)(3), which does not give him access to this forum. On January 20, 2005, Plaintiff opposed defendant's Motion to Dismiss, alleging that because the Rehabilitation Act

---

1. Plaintiff filed his original claim under the Rehabilitation Act but originally also asserted jurisdiction under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213, the Age Discrimination in Employment Act, 29 U.S.C. § 621, and the Federal Employees Compensation Act, 5 U.S.C. §§ 8101–8172. However, Plaintiff did not reassert these causes of action in his Amended complaint and does not oppose Defendant's request for a dismissal of these claims.

has no venue provision, claims pursuant to the Act are not governed by the Title VII venue provision, but by the general venue provision in 28 U.S.C. § 1391 (Docket No. 16). On February 04, 2005, Defendant responded to Plaintiff's opposition (Docket No. 19). For the reasons discussed below, the Court **DENIES** the government's motion to transfer the case to the Middle District of Florida. The Court **GRANTS** Defendant's Motion for Extension of Time to File a Responsive Pleading.

## FACTUAL BACKGROUND[2]

Plaintiff is a resident of Puerto Rico and has worked for the Postal Service in Puerto Rico for the last 17 years. He is allegedly a qualified disabled employee within the meaning of the Rehabilitation Act due to physical and mental conditions which severely affect his ability to engage in major life activities.

Plaintiff's wife and children moved to Florida in 2002; he was to join them at a later date. In 2003, Plaintiff's mental condition deteriorated and he was hospitalized in a mental health facility for some time. Plaintiff's psychiatrist and physician both claim that his psychiatric illness is worsened by environmental factors and suggested that he be transferred to Florida in order to be with his family. On March 5, 2003, Plaintiff requested a transfer to the Postal Service in Florida; this request was denied less than two weeks later based on Plaintiff's poor attendance and safety records. On May 24, 2003, Plaintiff filed an Administrative Formal Complaint. Plaintiff alleges that his absences were related to his disability, that they do not compromise his ability to perform his work, and they should have been reasonably accommodated. He also alleges that the mention of a poor safety record is a Postal Service euphemism for absences and does not provide a basis for the denial of his request for a transfer; and that his request for transfer is necessary due to his disability and qualifies as a reasonable accommodation to which he is entitled under the Rehabilitation Act. On February 13, 2004, the Postal Service issued a Final Agency Decision based on the complaint, concluding that no discriminatory acts had occurred: this process took place in Memphis, Tennessee. The Plaintiff then began to pursue his claim judicially.

## DISCUSSION

A District Court may dismiss a claim filed in the wrong venue or, if the Court deems a transfer to be in the interest of justice or for the convenience of the parties, it may transfer the case to any district in which the claim could have been brought. *See* 28 U.S.C. §§ 1404(a) and 1406(a). Within the parameters of the applicable venue provision, the Court must consider all of the discretionary factors in a case such as the convenience of the parties and witnesses, when deciding whether to transfer the case. Amongst these factors, it is well established that the plaintiff's choice of forum must be given significant weight when he sues in his home district and generally cannot be disturbed. *Nowak v. Tak How Investments*, 94 F.3d 708, 720 (1st Cir.1996).

The Rehabilitation Act does not have a specific venue provision. The Act does state, however, that it "incorporates all the provisions, *procedures*, and remedies of Title VII." 29 U.S.C. § 794(a)(1) (emphasis added). Due to this language, the overwhelming majority of courts which have considered the question of whether the Rehabilitation Act is governed by the gen-

---

**2.** Relevant facts are taken from Plaintiff's Amended Complaint (Docket No. 1), and the Defendant's Motion to Dismiss for Improper Venue (Docket No. 12).

eral provision 29 U.S.C. § 1391, or by the more restrictive venue provisions of 42 U.S.C. § 2000e–5(f)3, have ruled that the latter applies. *See Bolar v. Frank,* 938 F.2d 377 (2nd Cir.1991); *Benton v. England,* 222 F.Supp.2d 728 (D.Md.2002); *Lengacher v. Reno,* 75 F.Supp.2d 515 (E.D.Va.1999); *Sconion v. Thomas,* 603 F.Supp. 66 (D.D.C.1984); *Chubb v. Union Pacific R. Co.,* 908 F.Supp. 853 (D.Colo. 1995). *But see Gilbert v. Texas Mental Health and Mental Retardation,* 888 F.Supp. 775 (N.D.Tex.1995) (finding that § 1391 applies because the Rehabilitation Act does not have a specific venue provision).

42 U.S.C. § 2000e–5(f)3 states that venue is proper (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed; (2) in the judicial district in which the employment records relevant to such practice are maintained and administered; or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment.

■ For the purposes of this opinion, the Court will assume, without deciding, that Title VII's venue provision applies to the Rehabilitation Act. In this case, venue is not proper in Puerto Rico under the first requirement of the Title VII's provision, because the alleged act of discrimination occurred in Florida, nor does Plaintiff meet the third requirement of this provision since he would have worked in Florida but for the discrimination. Thus, Plaintiff can only establish that venue is proper in Puerto Rico under the second part of 42 U.S.C. § 2000e–5(f)3, because this is where his employment records, upon which Defendant based this decision, are kept.

■ Defendant claims that Plaintiff does not meet this requirement, because his employment records were sent to Florida, where they were "administered for the purpose of making that decision on plaintiff's transfer application" before being copied and returned to Puerto Rico (Docket No. 12 at 7). The use of the word "administered" by Defendant, however, does not mean that the records are actually "maintained and administered" for purposes of the statute anywhere but in Puerto Rico, where Plaintiff worked for the duration of his employment at the Postal Service. Having made copies of a person's records for the purpose of assessing an application that was denied, does not mean that this person's records are now administered in that place. If such an action could so easily defeat an employee's ability to establish venue under this part of the venue provision, this section would be practically useless.

■ Having established that Plaintiff may be able to bring his claim in the District of Puerto Rico, the Court turns to the discretionary factors that it must evaluate. The Court does not find that the cost and inconvenience of litigating in Puerto Rico clearly outweigh Plaintiff's preference of venue. Although the decision as to Plaintiff's transfer was made in Florida, it was not such a complicated process, made by so many people, that defending in Puerto Rico could be considered to pose the Postal Service great inconvenience. On the other hand, litigating in Florida would most likely be a clear inconvenience for Plaintiff, who is currently unemployed and suffers from schizophrenia for which he is treated in Puerto Rico. Furthermore, Plaintiff is litigating this case *in forma pauperis,* with the assistance of a Court-appointed attorney and clearly cannot afford to litigate his claims in Florida.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to transfer the

case to the Middle District of Florida or to dismiss. The Court **GRANTS** Defendant's Motion for Extension of Time to File a Responsive Pleading.

IT IS SO ORDERED.